# STATE v. ASA MAGOON, APT.

### October Term, 1895.

*Criminal Law.* *Silence is Evidence.* *Procuring False Testimony.* *Reasonable Doubt in Circumstantial Evidence.*

1. Upon a trial for larceny, the fact that the respondent, upon being taxed with the theft of the property by the person to whom he has sold it, keeps silence, is admissible as evidence against him.

2. The respondent was indicted for stealing chickens. Upon the trial he produced a witness who testified that the respondent had the chickens of him ; that he and the respondent killed them together on the morning they were sold and that he then accompanied the respondent to Barre where they were sold. The evidence of the state tended to show that this was false. *Held*, that this laid the foundation for an instruction to the jury that if the respondent had produced false testimony that fact tended to show his guilt.

3. The evidence being wholly circumstantial, the respondent is not entitled to the charge "that every link in the chain of circumstances tending to establish guilt should be made out beyond a reasonable doubt."

Complaint was larceny. Plea, not guilty. Trial by jury at the June term, 1895, Orange County, Rowell, J., presiding. Verdict, guilty, and sentence on verdict. The respondent excepts.

The respondent was tried for the larceny of eleven hens belonging to one Dickenson and the evidence upon the part

of the state tended to show that these hens were stolen April 22, 1895, at Topsham and were sold to one Pitkin in Barre, April 24th.

The respondent's evidence tended to show that the hens he sold Pitkin, April 24, were the property of one Daniel Magoon and were killed upon the morning of that day. The respondent introduced said Daniel Magoon as a witness and he testified that the hens sold to Pitkin were his, that he and the respondent had killed them at his house on the morning of April 24th, and that he went with the respondent to Barre the day when the respondent sold the hens to Pitkin. The evidence of the state tended to show that this was not true. The court instructed the jury that if the respondent had produced false testimony that fact would tend to show that he was guilty. There was no evidence indicating that he had produced any other false testimony than that of Daniel Magoon.

It appeared that about a week subsequent to April 24th the respondent was again at the store of Pitkin for the purpose of selling some more hens and Pitkin testified that the following conversation then took place between him and the respondent: "Mr. Magoon fetched me in some chickens a week after that—I should think about a week after that—and I asked him if he stole those chickens. He said, no, but he expected that somebody would come in and claim them, and I says to him: 'Those chickens were killed this morning, wern't they?' And he says, 'Yes, they were.' And I says, 'Those other chickens wan't.'"

Q. What did he say?

A. I couldn't say as he said anything.

Q. "The other chickens," what chickens were they?

A. Those were the ones that were fetched in the first day—those he had trouble about. To which respondent excepted.

*John W. Gordon* for the respondent.

The silence of the respondent as testified to by Pitkin was. not admissible as evidence against him. 1 Greenl. Ev.,. s. 197 note (a), *Mattocks* v. *Lyman et al.*, 16 Vt. 113 ;. *Gale* v. *Ward et al.*, 11 Vt. 152 ; *Drury* v. *Hervey*, 126. Mass 519, 522 ; *Whitney* v. *Houghton*, 127 Mass. 527 ;. *Brainard* v. *Buck*, 25 Vt. 573 ; *Perry* v. *Dow*, 59 Vt. 61 ; *Vail* v. *Strong*, 10 Vt. 457.

Every circumstance relied upon to convict the respondent: must be established beyond a reasonable doubt. 1 Greenl. Ev., s. 13 note (a), *McAleer* v. *McMurry*, 58 Pa. 126 ;. *United States* v. *Ross*, 92 U. S. 281 ; *Branch et al.* v. *United States*, 100 U. S. 693 ; Rice, Cir. Ev. s. 345 ; Burrill, Cir. Ev. 733 ; 1 Starkie, Ev. 571 ; *Commonwealth* v. *Webster*, 5 Cush. 295 ; *State* v. *Williams*, 27 Vt. 724 ; *Sumner* v. *State*, 36 Am. Dec. 561 ; *State* v. *Holden*, 42 Minn. 350 ; *People* v. *Aiken*, 66 Mich. 481 ; Starkie, Ev. 9 Am. ed. s. 586.

*J. G. Harvey*, state's attorney, for the the state.

MUNSON, J.   The interview with Pitkin, in which the respondent failed to reply to a remark suggestive of his guilt, was legitimate. evidence.   It is properly contended that mere silence affords no ground for an unfavorable inference, unless the circumstances are such as to call for a reply. *Vail* v. *Strong*, 10 Vt. 457, 463.   But we think the circumstances of this interview were such that the respondent was called upon to reply.   The situation did not leave him at liberty to treat the remark as idle or impertinent.   The conversation was with one to whom he was then offering chickens for sale, and to whom he had previously sold the chickens claimed to have been stolen.   If Pitkin suspected: the respondent's honesty, it became him to ascertain whether he was being made the purchaser of stolen property ;. and when the honesty of the respondent's dealing was ques-

tioned by one who had this interest in the matter, the respondent was called upon to meet any unfavorable intimation made in regard to it.

The respondent and a witness produced in his behalf both testified that the respondent had the chickens of the witness, and that the two killed them at the house of the latter on the morning of the day they were sold to Pitkin. The evidence of the state tended to show that this testimony was false; but outside of this there was no evidence that the respondent had procured the giving of false testimony. The court charged that if the respondent had procured a witness to testify falsely in his behalf concerning a matter material to his defence, it was evidence tending to show that he was guilty of the crime charged. It is said that this instruction authorized the jury to infer the respondent's procurement of false testimony from the fact that false testimony was given, and to infer his guilt from the fact of this procurement; and that this was in conflict with the rule which forbids the basing of an inference upon an inference. We think, however, that the respondent's procurement of false testimony was not in this case an inference from the fact that false testimony was given, but a matter which appeared directly from the testimony itself, if found to be false. If the testimony of the respondent's witness was false, the respondent must have known it, for it purported to be the recital of a transaction in which the two were jointly engaged; and the appearance of both upon the stand in support of a fictitious recital of this nature afforded evidence of concerted action. The character of the testimony bore directly upon the question of the respondent's accountability for its production; and when the false testimony afforded this inherent evidence of its intentional use, the jury might well be permitted to draw from it an inference of guilt.

The evidence introduced by the state was wholly circumstantial. It does not appear what circumstances were testi-

fied to.   The respondent excepted to the failure to charge
"that every link in the chain of circumstances tending to
establish guilt should be made out beyond a reasonable
doubt."   In now presenting the respondent's claim it is said
the jury should have been told that all the circumstances
made the basis of a conviction were to be established beyond
a reasonable doubt.   In discussing the subject of circum-
stantial evidence the court said to the jury that "the true
test is whether the facts and circumstances proved produce
a conviction of guilt to the exclusion of all reasonable doubt."
It can hardly be doubted that this sentence, in connection
with the instructions presumed to have been previously given
as to the measure of proof required in criminal cases, con-
veyed to the minds of the jury all that the respondent now
contends that he was entitled to.   In any event, the respon-
dent was not entitled to a charge in the language presented
to the court.   While it is not to be supposed that counsel
intended more than the claim as now stated, it is certain that
his language was of broader scope and covered a proposi-
tion clearly erroneous.   It covered not only the circum-
stances found essential to a conviction, but all the circum-
stances which tended to establish guilt.   The respondent's
conviction did not depend upon the completion of the chain
as the state undertook to establish it.   It was for the jury to
put together the links upon which the verdict was to depend.
If certain facts were established which were of such po-
tency in their relations to one another and to the matter in
issue as to leave in the minds of the jurors no reasonable doubt
of the respondent's guilt, nothing further was required.   If
the respondent was entitled to a special instruction of the
nature indicated, it was not with reference to all the circum-
stances which tended to establish guilt, but with reference
only to as many of them as the jury found essential in reach-
ing their conclusion.

*Judgment that there is no error in the proceedings, and
that the respondent take nothing by his exceptions.*