STATE *v.* BURLEIGH E. TOTTEN.

May Term, 1899.

Present; ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed December 4, 1899.

*Statement*—The evidence of the State tended to show that the respondent feloniously took money, including two five dollar bills from the person of one Guyette. The respondent claimed that the money was snatched from said Guyette by one F.

*Evidence—Similar but unconnected fact*—Evidence on the part of the respondent that on the evening of the robbery, shortly after its commission, F attempted to steal from the person of the respondent was inadmissible.

*Evidence—Facts inter-dependent for probative effect*—Neither the want of money by F before the robbery and during the same evening, nor his possession of money, including a five dollar bill, after the robbery during the same evening, standing by itself was material. The probative effect of these facts results from a combination of the two.

*Evidence—Self-criminating declarations of third person*—The respondent made an offer to show these two facts, but this offer was vitiated by the fact that the offer was to show the first by the declarations of F. The declarations of a third person tending to show that he committed the crime with which the respondent is charged are inadmissible.

*Evidence—Declarations as characterizing possession*—A declaration of F, a third person, in displaying money after the robbery, to the effect that he had taken it from a certain person, was not admissible in evidence. This declaration did not characterize the possession of the money, otherwise than by stating the source from which it was acquired, and was merely a recital of a past transaction.

*Evidence of good character—Charge*—In charging upon the subject of good character it was proper to refer to the fact that those who had testified upon that point had known the respondent but a short time. The treatment of the matter of good character was sufficient.

*Fictitious defence evidence of guilt*—If the respondent's testimony to the effect that the robbery was committed by F, a third person, was an invention, it was a circumstance tending to establish guilt.

*Reasonable doubt—Charge*—The charge upon the subject of reasonable doubt as applied to the nature of the defence was held sufficiently definite.

*Charge as a whole*—The doctrine is recognized that, without erroneous statement of legal principle, there may be such a failure to present adequately the claim of a party as will require a reversal, but upon a review of the exceptions no error in this respect is found in the charge in this case.

INFORMATION charging the respondent with robbery, being unarmed. Trial by jury, Chittenden County, March Term, 1899, *Taft*, C. J., presiding. Verdict and judgment of guilty. Respondent excepted.

Upon the subject of good character the court, after referring to the time to which the evidence upon this point was confined, charged as follows :

" One's good character is a fact that is always proper to be put in evidence, when you are considering the question of whether a man is guilty or not guilty of any offense that he is charged with.

"If you are satisfied upon the evidence that he is guilty of any crime that is charged, the fact that he has always borne a good character is no defense, but it is proper for a person to put

it in evidence, and in issue, the good character that he has always maintained, for you to consider, in connection with all the rest of the evidence, whether he committed the crime or did not commit the crime."

*R. E. Brown,* State's Attorney, for the State.

*E. C. Mower,* assigned, and *J. E. Cushman* for the respondent.

MUNSON, J.    The evidence of the State tended to show that the respondent knocked down one Guyette on the street late in the evening, and took from his person a pocket-book containing two five dollar bills and a one dollar bill. The respondent claimed and testified that Guyette's pocket-book was snatched from his hand by one Finneran, who came up while the respondent and Guyette were together on the street.    In support of this defense the respondent offered to show that on the night of the robbery and after its commission, while he and Finneran were together at the house of one Ploof, Finneran attempted to steal from the respondent's pocket.    This was properly excluded.    There was no legitimate evidentiary connection between the subsequent act and the one which the respondent sought to establish.    The subsequent act could have no effect in fastening the robbery upon Finneran except as showing that he was morally capable of it. Proof of this nature is inadmissible.    *State* v. *Kelley,* 65 Vt. 531.

The respondent offered to show that on the evening in question and prior to the robbery Finneran tried to borrow ten cents to get shaved with and, in a separate offer, at what stage of the evidence and by what witness does not appear, that on the same evening and subsequent to the robbery he had a considerable sum of money, including a five dollar bill. It is probable that an offer embracing both these matters would have been admissible.    But neither the want of money before the robbery, nor the possession of it afterwards, standing alone, was material.    The probative effect results from a combination of the two.    The rule requires that when two facts are dependent upon each other for their

effect, the two shall be offered together or one offered with notice of the other. The reason and necessity of this rule are apparent. If this second offer did not immediately follow the first, and especially if it was to show by a different witness, the final ruling might easily have been made without an apprehension of the full purpose of the examiner. The court is not required to be constantly on the watch to see whether some previous ruling should be recalled, and a different course taken, because of some subsequent offer. If these two offers had been combined, the purpose of the inquiries and the ground of admissibility would have been brought to the attention of the court.

So the correctness of the second ruling is to be determined by what was contained in the offer then presented, and it is true that this was an offer to show that Finneran had no money before the robbery and that he did have after it. But in this offer, the fact that Finneran had no money before the robbery was to be shown by his declarations that he had none. This vitiated the entire offer. The declarations of a third person, tending to show that he committed the crime for which the respondent is being tried, are not admissible. 1 Best Ev. * 118; *State* v. *Marsh*, 70 Vt. 288.

The respondent also offered to show that in displaying money after the robbery, Finneran said that he had "touched" a man on the street for it, and that he had taken it from a "certain person." This offer was inadmissible for the reasons before stated. But if the fact of Finneran's having money after the robbery had been made admissible by a proper offer, the declarations offered would not have been admissible. The respondent claims that inasmuch as they accompanied the production of the money they were admissible as a part of the *res gestae.* It is argued that the production of the money was inseparable from its possession, and that statements characterizing possession are always admissible. But these declarations did not characterize the possession otherwise than by stating its origin, and in giving the origin of the possession they were merely the recitals of a past

transaction. The doctrine relied upon is given a broad application in connection with the possession of both real and personal property, but while declarations are received showing the nature of the right claimed, statements as to the manner in which that right was acquired are excluded. 95 Am. Dec. 70, note; *Thompson* v. *Mawhinney*, 17 Ala. 362.

The exception to the failure to charge further upon the subject of good character is not sustained. The treatment of the matter was not of the nature considered objectionable in *State* v. *Daley*, 53 Vt. 442. It was proper to refer to the fact that those who testified to the respondent's character had known him but a short time.

The court charged in substance that, upon all the evidence in the case, the jury must be satisfied beyond a reasonable doubt of the respondent's guilt. There was no special application of this doctrine to the nature of the defense. The respondent excepted to the omission to charge that it was not necessary to the respondent's defense that the jury be convinced that Finneran committed the crime, and that their failure to believe his evidence regarding Finneran would bear only upon his credit as a witness generally, and that it would be sufficient if that evidence raised a reasonable doubt in their minds as to the respondent's guilt. The court then charged further that it was not necessary that they should find the respondent's evidence regarding Finneran true beyond a reasonable doubt, but that they should consider it in connection with the rest of the testimony upon the general question as to his guilt. No exception was taken to this supplemental charge. Some members of the court think the respondent was entitled to a more definite instruction as to the bearing of his testimony under the doctrine of reasonable doubt, but a majority of the court are satisfied that the jury cannot have failed to understand the application of the general rule, as previously announced, to a defense of this character. It was said in the opinion in *State* v. *Gorham*, 67 Vt. 365, that a jury must

know without instruction that the more the testimony shows against another the less it shows against the respondent.

There was certainly no error in failing to charge that a finding that the Finneran story was an invention would bear only upon the respondent's credibility as a witness.   If the story was an invention, its introduction was a circumstance tending to establish his guilt.

The respondent took other exceptions to the charge and to omissions to charge, upon which it is argued generally that the court presented the evidence and claims of the State so fully, and ignored those of the respondent to such an extent, that it in effect withdrew substantial portions of the respondent's case from the consideration of the jury.   This court recognizes the doctrine that, without erroneous statement of legal principle, there may be such a failure to adequately present the claim of a party as will require a reversal.   Some members of the court are inclined to think there was such a failure in this case, but a majority of the court, upon a careful review of the exceptions and after a full comparison of views, are satisfied that there was no error in this respect.

*Judgment that there is no error in the proceedings, and that the respondent take nothing by his exceptions.*