STATE *v.* MARK STEVENS.

October Term, 1908.

Present: ROWELL, C. J. TYLER, MUNSON, and- WATSON, JJ.

Opinion filed October 24, 1908.

*Trial—Argument of Counsel—Harmless Error—Pleading— Duplicity—Not Reached by Motion in Arrest.*

A statement made in argument to the jury respecting a matter that appeared from the testimony, was harmless, even if erroneous, where the court immediately ordered it to be disregarded.

Duplicity cannot be taken advantage of by a motion in arrest of judgment.

INFORMATION for cruelty to animals. Plea, not guilty. Trial by jury at the June Term, 1908, Lamoille County, *Haselton,* J., presiding. Verdict, guilty; and judgment and sentence thereon. The respondent excepted. The respondent moved in arrest of judgment for that "the information charges the respondent with thirty several, separate, and distinct offences in each count, to wit, thirty cows." Motion overruled, to which the respondent excepted.

In his closing argument to the jury the State's Attorney stated that, "The defence has produced no witness that visited the farm of Mr. Stevens until two or three weeks, or two months after the shooting of the cow, until after the prosecution at Jeffersonville the sixth of February." To that statement the respondent asked for an exception, whereupon the court said: "You may proceed and the defence may except later, if they desire. The statement of Mr. Tracy may be discarded." To this ruling the respondent excepted. Exception "allowed for what it is worth."

*M. P. Maurice* and *R. W. Hulburd* for the respondent.

The statement excepted to in the argument of the State's Attorney was erroneous and prejudicial, and ground of re-

versal. *Ranchau* v. *Rutland R. R. Co.* 71 Vt. 148; *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 407; *State* v. *Young,* 74 Vt. 481; *Magoon* v. *B. & M. R. R. Co.* 67 Vt. 177; *Sears* v. *Duling,* 79 Vt. 336; *Douglas* v. *Carr,* 80 Vt. 392.

*W. E. Tracy,* State's Attorney, for the State.

MUNSON, J. The statement made in argument by the State's Attorney, and excepted to by respondent's counsel, had reference to what appeared from the testimony, and not to anything outside the case. If the statement was erroneous no harm can have come from it, for the taking of the exception must have advised the jury that its accuracy was questioned, and the court's remark to them on allowing the exception was a plain direction not to rely upon it. This was in effect leaving a disputed matter to the recollection of the jury, if not again brought to their attention. If considered important, respondent's counsel could have had the minutes of testimony examined, and any error corrected at the close of the argument.

The respondent moved in arrest on the ground of duplicity. The claimed duplicity lies in charging in a single count the commission of the same offence upon several animals. Some things done to two or more are properly alleged as constituting but one offence; for instance, assaulting two persons at the same time; *Com.* v. *O'Brien,* 107 Mass. 208; administering poison to several persons by the same act; *Ben* v. *State,* 22 Ala. 9; overloading two horses harnessed to the same load; Bish. Dir. & Forms §§347, 348; Bish. St. Cr. §1121. But it is not necessary to inquire whether the matter charged here is one that may be thus alleged. If the information is insufficient in this respect, the objection comes too late; for duplicity cannot be taken advantage of by motion in arrest. 1 Bish. New Cr. Pro. §§442, 443; *State* v. *Johnson,* 3 Hill (S. C.) 1; *People* v. *Garnett,* 29 Cal. 622; *Kilburn* v. *State,* 9 Conn. 560.

*Exceptions overruled and execution of sentence ordered.*