## STATE v. FOREST MANLEY.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 6, 1909.

*Criminal Law—Fornication—Evidence—Relevancy—Witnesses —Credibility —Cross-Examination —Duplicity —Motion in Arrest.*

A party will be confined in the Supreme Court to the objection stated below.

In a prosecution for incest, a letter written by respondent showing his attempt to intimidate witnesses, and to persuade his son to falsify to secure his acquittal, was admissible as a criminating circumstance, and an inferential admission of guilt.

In a prosecution of respondent for incest with his daughter, where a witness testified in chief that she had never seen anything improper between respondent and the daughter, though he acted strangely, the cross-question whether the witness wrote a letter shown her, and containing the statement that respondent "has acted very mean and foolish about" the daughter, was properly excluded, as it did not tend to contradict the witness.

In a prosecution of respondent for incest with his daughter, where respondent testified that she told him who was the father of her. child, he was properly required to answer the cross-question whether he ever went to that person and charged him with the . act, or made any claim against him.

Fornication is not a crime unless committed by persons between whom marriage is prohibited.

Duplicity cannot be taken advantage of by motion in arrest of judgment.

INFORMATION for incest. Plea, not guilty. Trial by jury at the June Term, 1909, Windsor County, *Hall*, J., presiding. Verdict, guilty; and judgment thereon.

*Gilbert A. Davis* for the respondent.

*Edward R. Buck*, State's Attorney for the State.

It is a fair inference from the letter in question that the respondent was seeking to induce his son to swear falsely to secure acquittal in this case, and evidence of a fabricated defence is always admissible. *State* v. *Ward*, 61 Vt. 153; *State* v. *Manning*, 74 Vt. 449; Rice Crim. Ev., 219, 220; *State* v. *Williams*, 27 Vt. 724.

POWERS, J.   This respondent stands convicted of the crime of incest with his daughter, Vera.

1.   A half-burned letter, which Mrs. Manley testified was in the respondent's handwriting, was received in evidence.   It appeared from her testimony that she saw her son put a paper in the stove one night at her home in Ludlow, and when she went to the stove the next morning, she found this letter, partly burned.   Various reasons are now assigned why the letter should have been excluded, but when it was offered and received below, the only objection made was that it was not pertinent.   So no other ground of objection will be considered here. *State* v. *Noakes*, 70 Vt. at p. 257.   The letter was pertinent if it tended to prove the charge made in the information.   And it did so tend, for it plainly shows that the respondent was trying to intimidate the witnesses, and persuade his son to speak falsely to secure his acquittal.   Both these attempts were incriminating circumstances and inferential admissions of guilt.   This elementary rule is sufficiently established and recognized by *State* v. *Williams*, 27 Vt. 724; *State* v. *Barron*, 37 Vt. 57; *State* v. *Ward*, 61 Vt. 153, 17 Atl. 483; *State* v. *Magoon*, 68 Vt. 289, 35 Atl. 310; *State* v. *Totten*, 72 Vt. 73, 47 Atl. 105; and *State* v. *Manning*, 74 Vt. 449, 52 Atl. 1033.

2.   When Mrs. Manning was on the stand, she testified in effect, that she had never seen anything improper between the respondent and Vera, though he acted very strangely.   In cross-examination she was asked: Q. "Did you write this?"   Referring, as is now conceded, though the exceptions do not show it, to the exhibit marked 1,—a letter written by the witness to her sister.   The question was objected to.   Thereupon, being enquired of by the court, counsel for the respondent said that his purpose was "to show when she undertakes to insinuate she does know anything wrong she is stating falsely."   This re-

fers, of course, to the relations between the respondent and his daughter. There is nothing in the letter which tends to impeach the witness. She had testified that she knew of nothing wrong between these parties, and her voluntary statement that the respondent acted strangely, if there was anything of insinuation in it, is rather corroborated than contradicted by the letter; for in it she says that he "has acted very mean and foolish about Vera." There was no error in the exclusion of the letter.

3. The respondent was a witness in his own behalf and testified that his daughter told him who was the father of her child. A part of his cross-examination proceeded as follows: Q. "Did you go to that person and tax him with it?" A. "No, sir." Q. "Did you ever make any claim against him?" A. "No, sir, I did not." Whereupon the respondent's counsel objected. But the evidence was allowed to stand as impeaching evidence, and the respondent excepted. Treating the exception as seasonably taken, as the court below seems to have done, we find no error. It is hardly credible that this man should have made no effort to persuade or compel the author of his child's misfortune to make some sort of reparation,—if he had known who he was. The jury might well infer from his conduct that the statement that the girl told him was untrue.

4. After verdict and before judgment, the respondent filed a motion in arrest, on the ground that the information charges in one count two distinct offences,—incest and fornication.

But with us fornication is not a crime save when it is committed by persons within certain degrees of relationship,—that is to say, when it amounts to incest. P. S. 5888; *State* v. *Dana,* 59 Vt. at. p. 622, 10 Atl. 727. Besides, duplicity cannot be taken advantage of by motion in arrest. *State* v. *Stevens,* 81 Vt. 454, 70 Atl. 1060.

*There is no error, and the respondent takes nothing.*