PETER J. FLEMING *v.* STATE OF VERMONT.

February Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and CHASE, Supr. J.

Opinion filed May 3, 1921.

*Petition for New Trial—Newly Discovered Evidence—Diligence of Petitioner—Evidence—Self-criminating Declaration of Third Person.*

1.   In a prosecution for a breach of the peace in the nighttime, where the only evidence connecting the respondent with the crime was that the assaulted party tore from the coat worn by his assailant a pocket identified as belonging to respondent's coat, and the defence was an alibi, based in part upon evidence that unknown parties had taken the coat prior to the assault, newly

discovered evidence that in the evening after the trial the missing coat was found at a place and under such circumstances that the respondent could not have put it there, and that certain unknown men were in the immediate vicinity of the assault at about the time it took place, was sufficient, in view of the closeness of the evidence, to warrant a new trial.

2.  The statement of one of the unknown men, made shortly after the assault, that he lost a part of his coat, not being a part of the *res gestae,* was inadmissible.

3.  The character of the newly discovered evidence being such that activity on the part of the petitioner to discover it was not called for, he was not chargeable with lack of diligence.

ORIGINAL PETITION, brought to the Supreme Court for Orleans County, for a new trial on the ground of newly discovered evidence in the case of *State* v. *Peter J. Fleming,* which was tried in Orleans County Municipal Court, and resulted in a verdict and judgment of guilty. The opinon states the case.

*A. W. Farman* for the petitioner.

*Frank D. Thompson,* State's Attorney, for the State.

POWERS, J.    The petitioner was convicted of a breach of the peace and now seeks a new trial on the ground of newly discovered evidence. At the trial which resulted in his conviction the evidence against him was wholly circumstantial, and tended to show that an unidentified person, at about nine o'clock in the evening of October 31, 1919, made an assault upon one William Shannon at his place in Charleston, Vt.; that in the scuffle Shannon seized his assailant by the coat, and when the latter broke way the coat tore and left in Shannon's hands a piece of the skirt, including a pocket in which was found a bill for goods sold to the petitioner by a local merchant. It was admitted that the fragment so torn off, together with the pocket, came from a garment owned by the petitioner; but it was denied that the petitioner committed the assault, his claim and explanation being to this effect: He had worn this coat at his work that day, and when he went into the house at supper time the coat was wet from the rain then falling, and he threw it down on a churn that stood on the piazza near the kitchen door. A short time afterwards a

party of five or six men or boys came along in an automobile, stopped in front of the house, came up to the piazza, and took the churn down across the road and rolled it around on the ground. The petitioner went to the door and called out to them, and they entered their automobile and drove away towards Charleston. The petitioner did not find the coat, and did not see it again before the trial, and made no search for it. He testified that he did not leave home that night. In all this he was corroborated by his wife and daughter, and by his hired man and the latter's wife.

[1, 2]   The evidence relied upon in support of the petition is to this effect:   (1) At about seven o'clock in the evening of the day on which the trial took place Mrs. P. G. Stone, of Brownington, found the missing coat on the stairs leading up to her tenement, and the circumstances were such that the petitioner could not have put it there.

(2)   An automobile party of five boys and girls, at about nine o'clock in the evening of the day of the assault, came along the highway near the Shannon place and found an automobile standing in the road with its lights turned off. As they approached, the lights were turned on, and two men were seen to be standing beside the car. Some one in the party of young people asked these men if they were in trouble, and they replied that they were not. Just then three men came up to the standing car from the direction of Shannon's and one of them was heard to say, "I didn't lose anything but a piece of my coat." Four of these young people give their affidavits in support of the petition. The other member of the party was not available as a witness. These four were acquainted with the petitioner, and they all swear that he was not one of the five men with the standing car.

The only questions raised by the State in opposition to this petition are the sufficiency of the newly discovered evidence and the diligence of counsel.

A thoughtful reading of the transcript shows that the case made against the petitioner at the trial was, to say the least, a close one. The only evidence against him was the fragment of the coat above referred to. The alibi on which he relied was supported by four witnesses, all members of his household, to be sure, but so far as we can see from the transcript, frank and reliable. In these circumstances, the petition has rather better standing in this Court than such petitions usually have. *Gilman*

v. *Nichols,* 42 Vt. 313; *Dobberstein* v. *Emmet County,* 176 Iowa 96, 155 N. W. 815.

It may be admitted that under the rule of this jurisdiction the statement of the unknown man to the effect that he lost a part of his coat, being a mere extrajudicial admission of a third person not forming a part of the *res gestae,* would be obnoxious to the hearsay rule and inadmissible at a new trial. *State* v. *Totten,* 72 Vt. 73, 47 Atl. 105. But the authorities so holding make a distinction between admissions of third persons, either by act or word, and evidence tending, either actually or circumstantially, to connect another with the crime of which the respondent is charged. *McDonald* v. *State,* 165 Ala. 85, 51 South. 629. So it would be competent for this petitioner at another trial to give in evidence any fact or circumstance tending to show that some one else committed the assault in question. That these unknown men were in that immediate vicinity at about the time the assault took place would be relevant to the issue; for it would be a circumstance proper for consideration in determining whether the petitioner was or was not the man who committed it, and with the other evidence would warrant the inference that he was not.

Taken in connection with the finding of the coat in the circumstances shown, this evidence appears to us to justify our conclusion that it is reasonably probable that a different result would follow another trial.

[3] The character of the newly discovered evidence is such that activity on the part of the petitioner to discover it was not called for, and in the circumstances he is not chargeable with lack of diligence.

*Judgment and sentence vacated, verdict set aside, petition granted, and cause remanded for a new trial.*