## COMMONWEALTH *vs.* JOHN A. HADDAD.

Middlesex.    October 22, 1924. — December 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Burning Insured Property. Evidence,* Competency, Of intent. *Practice, Criminal,* New trial, Exceptions, Verdict.   *Arson.*

At the trial of an indictment for burning insured property with intent to injure the insurer in March, 1923, a witness for the Commonwealth testified to the employment by the defendant of a smaller number of employees than formerly.  She was asked in cross-examination if she had talked with the defendant "in reference to hiring more girls or doing any big job" and replied: "Well, he did not speak to me. He mentioned it."   She then was asked, ". . . state what that conversation was."   The question was excluded subject to exception by the defendant.   There was no offer to show what testimony was expected in reply to the excluded question.   *Held,* that the exception must be overruled.

At the trial of the indictment above described, the Commonwealth called the tax collector of the town where the defendant lived, who produced a book and testified that it was the tax book for the years 1921 and 1922 and that it was an exact duplicate of the assessors' book; that the assessors had another book, which he identified, showing abatements. Subject to an exception by the defendant, the Commonwealth was permitted to show to the jury entries in the book stating the tax against the defendant in 1921 and 1922, and to testify that no part of that tax had been paid, the judge instructing the jury that "The books are admitted, or the testimony of the witness is admitted from the book, to show . . . the charge that has been made . . . it does not appear on the record that the charge has been paid; that is as far as they go." Later the defendant testified that the taxes had not been paid.   An offer by the defendant to show that the tax for 1920 was less than those for 1921 and 1922 was excluded subject to his exception.   Later he was permitted to testify that the reason he did not pay the 1921 tax was because it was too high and he wanted an abatement.   *Held,* that

(1) The exception to the admission of the entries in the books because they were not complete was not well taken;

(2) The defendant having testified that he had not paid the taxes for 1921 and 1922, the exception to the admission of the records in the collector's possession to prove that same fact must be overruled;

(3) As the defendant was permitted to explain why he did not pay the tax, his exception to the exclusion of substantially the same evidence when offered previously must be overruled;

(4) The evidence as to nonpayment of taxes, since it tended to show financial embarrassment on the part of the defendant, was material and admissible.

An exception to a portion of a charge to a jury at the trial of an indictment must be overruled if, the objection to that portion being called to the judge's attention, he modified his charge in that respect to meet the objection.

At the trial above described, the defendant was tried also on an indictment charging him with arson of a dwelling house, and there was evidence that the insured personal property which was the subject of the first indictment was in a building which was occupied by the defendant as lessee on the ground floor, and by the owner of the building as a dwelling on the third floor. No question was raised at the trial as to the sufficiency of the evidence or as to the right of the jury to render a verdict of guilty on one indictment and not guilty on the other. The defendant was acquitted on the indictment charging arson and was found guilty on the indictment charging the burning of insured personal property with intent to injure the insurer, and moved for a new trial thereon, requesting the judge to rule that the verdict of guilty returned on the indictment for burning insured property with intent to injure the insurer must, as a matter of law, be set aside because it was manifestly inconsistent and in conflict with the verdict of not guilty on the charge of arson. The ruling was refused and the motion was denied. The defendant excepted. Without determining whether this exception was properly before this court, it was *held*, that

(1) The issues in the two indictments not being the same, the jury were not bound as a matter of law either to convict on both or to acquit on both, and the ruling requested properly was refused;

(2) The exception to the denial of the motion for a new trial must be overruled.

INDICTMENT, found and returned on May 11, 1923, charging that the defendant on March 31, 1923, did burn certain personal property, which was insured against loss by fire, with intent thereby to injure the insurers.

At the same time the defendant was indicted for wilfully and maliciously burning the dwelling house of one John Kirby of Natick on March 31, 1923.

In the Superior Court, the two indictments were tried together before *Bishop*, J. Material evidence and exceptions saved by the defendant are described in the opinion. On the indictment for arson, the defendant was found not guilty. On the indictment for burning personal property with intent to injure the insurer, he was found guilty and alleged exceptions.

The defendant moved for a new trial of the indictment for burning personal property with intent to injure the insurer

and at the hearing asked for a ruling that the verdict of guilty returned on the indictment for burning insured property with intent to injure the insurer must, as a matter of law, be set aside because it was manifestly inconsistent and in conflict with the verdict of not guilty on the charge of arson. The ruling was refused and the motion was denied, and the defendant alleged exceptions thereto. The judge allowed the bill of exceptions on this branch of the case "if I have authority so to do under the provisions of G. L. c. 278, § 31."

The case was submitted on briefs.

*H. Parker*, for the defendant.

*A. K. Reading*, District Attorney, & *W. L. Bishop*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was tried on two indictments; one, charging him with wilfully and maliciously burning the dwelling house of John Kirby, on which he was acquitted; and the other, with burning certain personal property which was insured against loss and damage by fire, with intent to injure the insurers, on which indictment he was found guilty. The exceptions are stated in an original and a supplemental bill of exceptions, and relate to the admission and exclusion of evidence at the trial, and to the refusal of the trial judge, at the hearing on a motion for a new trial, to rule that the verdict of "guilty" must be set aside because it was manifestly inconsistent and in conflict with the finding and verdict by the same jury and upon the same evidence of "not guilty" under the indictment charging the defendant with burning a dwelling house.

The testimony tended to show that the defendant was the lessee and occupant of certain rooms, used by him in the manufacture of women's garments, located on the ground floor of a building in Natick; that his premises extended from the front to the rear of the building, and immediately adjoining, and on the same floor, was a plumbing shop and a wet wash laundry plant; that the second floor was occupied by lodgers; and that one John Kirby, the owner of the building, with his family occupied as a dwelling a part of the third floor, above the premises of the defendant. Evidence was

introduced in support of all material allegations in the indictment upon which the defendant was convicted.

The first exception relates to the exclusion of a question asked in cross-examination of a witness called by the Commonwealth, whether she had a talk with the defendant in reference to hiring more girls to do the work, after she had testified to the employment by the defendant of a smaller number of employees than formerly. The trial judge ruled that that conversation was not " material in this case if she had one," to which ruling the defendant excepted. The judge suggested that inquiry be made whether she had a conversation. Counsel then asked: " Did you have a talk with Mr. Haddad in reference to hiring more girls or doing any big job? " and the witness replied: " Well, he did not speak to me. He mentioned it." Counsel then said: " . . . state what that conversation was." This question was excluded subject to the defendant's exception.

The question was rightly excluded. The witness had not testified that there was a conversation. Furthermore, had there been one, a statement made by the defendant on the subject would be self-serving, and there was no offer of proof to show what testimony was expected in reply to the excluded question.

The Commonwealth offered as a witness the tax collector of the town of Natick, who testified that he had with him the tax books of that town for the years 1921 and 1922; that the book produced by him was " an exact duplicate of the book that the assessors keep "; that there was another book kept by the assessors (which the witness did not have) showing abatements. Counsel for the defendant excepted to the admission of any evidence from the book which the collector had, on the ground that it was not a complete record. The Commonwealth then offered the following entry in the book: " John A. Haddad . . . Tax on personal estate, $69.12; on real estate, $201.60; on gypsy moth, $2.28; a total of $273 for the year 1921." The witness testified, without objection, that he had not received payment of any part of that tax. The jury were permitted to see the book, but it was not marked as an exhibit and the defendant took an exception

to its admission. The witness also was permitted to show the jury, subject to the defendant's exception, similar entries for the year 1922, making a total tax of $230.62, no part of which had been paid. The judge then stated to the jury that "The books are admitted, or the testimony of the witness is admitted from the book, to show . . . the charge that has been made . . . it does not appear on the record that the charge has been paid; that is as far as they go."

The exception to the admission of the entries in the books because they are not complete records is not well taken. If there had been an abatement it was open to the defendant to show it. The testimony that no part of the tax had been paid may have a bearing on this contention. It is the duty of the assessors to commit the tax list with their warrant to the collector of taxes, G. L. c. 59, § 53, and it is his duty to collect the taxes therein set forth, G. L. c. 59, § 2, and also to keep in the book containing the tax list committed to him, against the name of every person assessed, entries showing the disposition thereof, whether reassessed, abated, or paid, together with the date of such disposition. G. L. c. 60, § 6. Apparently the book shown the jury was the tax list required to be delivered by the assessors to the collector for his official action; if not, the evidence was limited to the single purpose of showing that it does not appear on the record that the tax has been paid. Its admissibility, therefore, is not controlled by the decisions which hold that assessors' records are not competent, as between third parties, to prove the situation of land, the domicil of the person assessed, or, apart from statute, the value of land. It was the contention of counsel for the defendant that the amount of the taxes assessed to him was in dispute. The judge remarked, in the presence of the jury: " . . . the only reason any evidence is offered here is because it is claimed by the District Attorney that . . . the defendant, owed the town, was heavily in debt." In reply counsel for the defendant said: " We propose to show that there was a dispute on that and that is all we propose to do." The judge stated: " But you can't do it by showing 1919 or 1920. We will stop right here with 1920. If you can show that he did not owe the taxes which this man testi-

fied were unpaid, you can, but we won't go any further than that whether you have the assessors here or not. If you can show that he paid 1921 or 1922 all right, but we won't go any further than that." The defendant's counsel then said: " Please note my exception to that statement," and the judge replied: " If you are entitled to an exception you may have it, but I don't think you are because you haven't made any offer of proof." To this the defendant's counsel remarked: " Well, I will offer the bill of 1920 as indicating the amount of assessment and indicating that the assessment had been increased, as a basis for proof that there was a dispute over the amount of these two bills, and that was the reason they aren't paid." " If you think [said the judge] your exception to that is good for anything you may have it."

Inasmuch as the testimony in regard to the taxes for 1921 and 1922 was offered solely to prove that they were not paid, testimony offered by the defendant to show that assessments in previous years had been less was immaterial. The fact that taxes were assessed to the defendant in 1921 and 1922 was not in dispute. The defendant testified that he had not paid them, and saved an exception to the exclusion of the question why he had not done so, but made no offer of proof. Later he was permitted to state that his reason for not paying the 1921 tax was because it was too high and he wanted an abatement; that he was willing and able at all times to pay the correct tax. As the witness was permitted to explain why he had not paid the taxes, his exception previously taken to the exclusion of substantially the same question must be overruled. The defendant having testified that he had not paid the taxes for 1921 and 1922, the exception to the admission of the records in the collector's possession to prove the same fact is overruled.

In reaching this conclusion, we have considered the contention (now urged but not made a ground of objection at the trial) that the fact that the defendant had not paid his taxes was incompetent and inadmissible. On the indictment charging the defendant with burning a building with intent to injure the insurers, the intent alleged is material and must be proved. *Commonwealth* v. *Hudson*, 97 Mass.

565. *Commonwealth* v. *Derry*, 221 Mass. 45, 47. Evidence tending to show his financial embarrassment, or that he was in need of money, was competent. " Where the intent of one charged with crime is to be proved, a wider range of evidence is allowed than in support of other issues." *Commonwealth* v. *Dow*, 217 Mass. 473, 480. Such evidence was, therefore, competent on the indictment charging the defendant with burning property with intent to injure the insurer.

We need not now decide whether the evidence was competent on the indictment charging arson, on which the defendant was acquitted. If he had cared for a ruling limiting the evidence to a particular indictment, he should have asked for it at the trial. *Commonwealth* v. *Rivet*, 205 Mass. 464. The whole charge is not reported. The judge instructed the jury without objection that if they found the defendant in financial difficulty "that would merely bear upon the motive, if any, for setting the fire."

At the conclusion of a statement in the charge as to the rights of parties under an unrecorded mortgage of personal property, the defendant said: " Will your Honor note my exception to that last, except as between the parties? " The judge then added " Except as between the parties, other creditors would prevail." The judge having modified the charge to meet the objection of the defendant this exception must be overruled.

If it be assumed that the exception to the refusal to grant the request presented at the argument of the motion for a new trial is properly here, a question which we do not decide, the exception must be overruled. The court cannot consider the reasons which may have led the jury to acquit on the indictment for arson. It appears from the record that the only evidence that the fire burned the apartment occupied by the owner is this: " The fire extended from the floor of defendant's shop through partitions to the third floor." The judge's charge on this phase of the case is not reported and it is impossible to say whether there is any inconsistency in the verdicts, in the light of that charge. *Commonwealth* v. *Peach*, 239 Mass. 575. No question was raised at the trial

as to the sufficiency of the evidence or as to the right of the jury to render a verdict of guilty on one indictment and not guilty on the other. *Commonwealth* v. *Morrison*, 134 Mass. 189. The issues in the two indictments are not the same. A jury would not be bound, as matter of law, to convict or acquit on both. *Commonwealth* v. *Bubser*, 14 Gray, 83, 84. *Commonwealth* v. *Donovan*, 170 Mass. 228, 242. *Commonwealth* v. *Baldwin*, 213 Mass. 238.

*Exceptions overruled.*