LOUIS GIRARD ET UX. *v.* VERMONT MUTUAL FIRE INSURANCE
COMPANY.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 5, 1931.

332

*Fred L. Laird* and *George M. Hogan* for the defendant.

*P. L. Shangraw, F. L. Webster,* and *M. H. Alexander* for the plaintiffs.

POWERS, C. J. This is an action on a fire insurance policy brought by the assured for the use and benefit of a mortgagee of the property covered. It appeared that Louis Girard and his wife Cora owned and occupied a farm in Berkshire, which they had mortgaged to the Richford Savings Bank & Trust Co., for the sum of $8,000. The buildings on the place were insured by the defendant by a policy which contained a provision that any loss on the real estate should be payable to the Bank aforesaid, as its interest might appear. The buildings burned, the company refused to pay, and this suit was brought. The defense is based upon the claim that the Girards or one of them burned the buildings to defraud the insurer. The trial below resulted in a verdict for the plaintiff, and the defendant excepted.

The rights of the parties here contending depend largely upon the clause in the policy making the loss payable to the bank. This clause is what is called the ''open mortgage

clause," or the "loss payable clause." It merely provides that any loss shall be payable to the mortgagee as its interest may appear. Under such a provision, a mortgagee stands as an appointee, and not as an assignee. The contract is between the insurer and the mortgagor; the insurance is on the property of the mortgagor as owner; it is not on the interest of the mortgagee. So a suit on the policy is well brought in the name of the mortgagor for the use and benefit of the mortgagee. *Powers v. New England F. Ins. Co.*, 69 Vt. 494, 495, 38 Atl. 148. The rights of the latter in case of loss are wholly derivative, and cannot exceed those of the former. These propositions are well established. *Home Loan & Finance Co.* v. *Fireman's Fund Ins. Co.*, 221 Ala. 529, 129 So. 470, 471; *Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y. 391; *Warbasse* v. *Sussex County Mut. Ins. Co.*, 42 N. J. Law, 203; *Brunswick Sav. Inst.* v. *Commercial Union Ins. Co.*, 68 Me. 313, 315, 28 A. R. 56; *Brecht* v. *Law Union & C. Ins. Co.* (C. C. A.), 160 Fed. 399, 18 L. R. A. (N. S.) 197, 206; *Collinsville Sav. Soc.* v. *Boston Ins. Co.*, 77 Conn. 676, 60 Atl. 647, 69 L. R. A. 924, 925; *Fitchburg Sav. Bank* v. *Amazon Ins. Co.*, 125 Mass. 431, 434; *State Sav. Bank* v. *Shible Mut. Fire Ins. Co.*, 172 Minn. 122, 214 N. W. 926, 927. So it is that any defense that can be made by the insurer to a suit brought on the policy by a mortgagor for his own benefit, is equally available to it in a suit brought in behalf of the mortgagee. And, since a mortgagor who wilfully burns the property insured can take no benefit under his policy, *Rent-a-Car Co.* v. *Globe & Rutgers Ins. Co.*, 158 Md. 169, 148 Atl. 252, 256, it follows that a mortgagee, whose only rights are what are afforded by the "open mortgage clause," can take nothing in such circumstances. *Hocking* v. *Virginia F. & M. Ins. Co.*, 99 Tenn. 729, 42 S. W. 451, 39 L. R. A. 148, 63 A. S. R. 862; *Ford* v. *Iowa State Ins. Co.*, 317 Mo. 1144, 298 S. W. 741, 56 A. L. R. 842; *Westmacott* v. *Hanley*, 22 Grant Ch. (U. C.) 382; *Smith* v. *Germania F. Ins. Co.*, 102 Ore. 569, 202 Pac. 1088, 19 A. L. R. 1444. If, then, the Girards wilfully burned the buildings covered by the defendant's policy, there can be no recovery here, though the bank be entirely innocent of any wrong.

█ Subject to the defendant's exception, the plaintiff was allowed to show that the bank, at some time long before the policy in question was issued, gave the company a written guaranty covering all assessments which might accrue on any

policy insuring property on which the bank held mortgages, and that thereunder it had paid one assessment on this very policy. This evidence was not relevant to any issue in the case, and therefore inadmissible. It was offered and received as tending to show a contractual relation between the company and the bank, based upon a sufficient consideration. But as was objected to it, it was wholly outside the pleadings, and did not and could not affect the rights of the parties in any way. It was well calculated to impress the jury as a fact giving the bank a special advantage in the action on trial.

It is true that this theory was not submitted to the jury as a basis of recovery or as affecting the rights of the parties in any way; but it was not alluded to in the charge of the court, nor in any way withdrawn or warned against. In these circumstances, and in view of the character of the evidence, we think it must have been prejudicial, and this exception must be sustained. This disposes of exceptions numbered from 1 to 8, inclusive.

Exceptions 9 to 14 relate to the exclusion of certain circumstantial evidence, consisting of acts and sayings of the Girards, together with certain conditions and circumstances tending, it was claimed, to establish the fraudulent character of the fire. As we have often said, when fraud is the issue, the evidence necessarily takes a wide range. *Niles* v. *Danforth,* 97 Vt. 88, 95, 122 Atl. 498; *Downing* v. *Wimble,* 97 Vt. 390, 394, 123 Atl. 433; *Land Finance Corp.* v. *Sherwin Elec. Co.,* 102 Vt. 73, 80, 146 Atl. 72. So here, though the fraud in its ultimate aspect was the burning of the buildings, any fact or circumstance, before or after that event, which in any way indicated a purpose to accomplish that fraudulent result was admissible. Indeed, that ultimate fact might be wholly established by circumstantial evidence. *Raithel* v. *Hall,* 99 Vt. 65, 72, 130 Atl. 749. And, when such evidence is resorted to, objections to testimony on the ground of irrelevancy are not favored because the force and effect of circumstantial facts depend largely upon their relation to each other; and acts and circumstances, although wholly inconclusive when separately considered, may by their number and joint operation be entirely sufficient to establish the *factum probandum. Castle* v. *Bullard,* 23 How. 172, 16 L. ed. 424, 425. Nevertheless, each act and circumstance, either by itself or in connection with other evidence admitted or

offered in that connection, must contribute something to that result. If, when so considered, they are as consistent with innocence as with guilt, they should be rejected. They would not then afford a rational basis for inferring the ultimate fact, so would not be "fit to be considered." *Smith* v. *Martin,* 93 Vt. 111, 129, 106 Atl. 666, 674. Then, too, such acts and circumstances stand in the law of evidence like representations alleged to be fraudulent: If they are fairly susceptible of two constructions, the one that frees them from the imputation of fraud must be accepted. *Moncion* v. *Bertrand,* 98 Vt. 332, 334, 127 Atl. 371. How far into these matters the testimony shall be allowed to go, is, of necessity, left somewhat to the discretion of the trial court. *Townsend* v. *Felthousen,* 156 N. Y. 618, 51 N. E. 279, 281; *Thomas* v. *Miller,* 202 Mich. 43, 167 N. W. 859, 860; *First Nat. Bank* v. *Harvey,* 29 S. D. 284, 137 N. W. 365, 369.

 The offer to show what Girard said after the fire about his plans, and the offer to show what was said when Girard paid his assessment, came within the rule just stated, and we cannot say that they were not properly excluded as a matter of discretion.

 The defendant offered to show by the witness Wilder that he went to the Girard farm late in the afternoon before the fire to serve a writ of attachment, and that he searched the barn and could find no calves there to attach. This was excluded, and the defendant excepted. In view of the nature of the defense, evidence that the plaintiffs were being pressed by creditors was a relevant fact. *Commonwealth* v. *Haddad,* 250 Mass. 391, 145 N. E. 561, 563; *State* v. *Rosenswieg,* 168 Minn. 459, 210 N. W. 403, 405; *State* v. *Gates,* 197 Iowa, 777, 197 N. W. 908, 909. If Wilder was then to serve a writ as stated, this fact should have been admitted. But, so far as this feature of the offer goes, it does not appear that any harm resulted from its exclusion; for the financial condition of the Girards was sufficiently shown. The search for calves, if made, bore on another question. But its importance depended upon the further fact that the plaintiffs claimed insurance on calves in their proof of loss. If they did, this search would have a tendency to prove one of the steps in the general scheme to defraud the company. But the plaintiff objected on the ground that there was then no evidence in the case that such insurance was claimed, stating that

the proof of loss, Plffs. Ex. 4, was admitted only to show the claim for loss on the real estate; and the transcript sustains this claim. So, when this offer was made it was inadmissible; for, the rule is that to secure a reversal for the exclusion of evidence, it must be shown that it was admissible in the then present aspect of the case. *State* v. *Lapan*, 101 Vt. 124, 132, 141 Atl. 686.

■ Evidence was introduced by the defendant tending to show that, prior to the fire, Girard had caused six truck loads of furniture and other personal property, including stanchions from the barn, to be transported to a farm in Georgia some 30 or 35 miles away, and there stored; that these loads went in the night, and that the last one went the night before the fire. This line of evidence also tended to show that this property was taken out of the buildings to the truck by Girard and his children, and that Mrs. Girard was present and gave some assistance. The defendant improved Thomas Laden as a witness. He held a second mortgage on the farm and a chattel mortgage on the personal property. The defendant offered to show by him that, on the day after the fire, Girard, in answer to his questions, told him that he was away the night of the fire, and that neither he nor anyone else had taken away any of the furniture or other property. This was excluded, and the defendant excepted. That the removal of the property above referred to was evidence tending to show that Girard and his wife or one of them were responsible for the fire is not questioned. *People* v. *Smith*, 162 N. Y. 520, 56 N. E. 1001; *State* v. *Mann*, 39 Wash. 144, 81 Pac. 561; *Patrick* v. *State*, 18 Ala. App. 335, 92 So. 87, 88. But evidence of that fact, by the testimony of Laden, was afterwards admitted. So nothing can be claimed here so far as its exclusion is concerned. But the fact that he falsified as to where he was at the time of the fire—if he did so falsify—was also an incriminating circumstance, and should have been received. Burrill, Cir. Ev. 460, 468. It is claimed that the evidence did not tend to show that Girard was at home at the time of the fire. It is true that the witnesses who saw a man at the door that night with a lantern did not identify him as Girard, but the circumstances indicate that it was, and Mrs. Girard, according to the evidence, told the Duvals how the family drove into a side road, and three of them went back and set the fire. This testimony evidently referred to Girard and

the boys, or at least the jury could so infer. Girard's falsehood as to his whereabouts is in the law of evidence like attempting to conceal one's identity, as in *State* v. *Taylor,* 70 Vt. 1, 39 Atl. 447, 42 L. R. A. 673, 67 A. S. R. 648; attempting to get witnesses "out of the way," spoken of in *State* v. *Barron,* 37 Vt. 57, 61; asserting a falsehood when charged with crime, as in *State* v. *Bradley,* 64 Vt. 466, 470, 24 Atl. 1053; flight, as in *State* v. *Chase,* 68 Vt. 405, 409, 35 Atl. 336; a false alibi, as in *State* v. *Ward,* 61 Vt. 153, 194, 17 Atl. 483, and *State* v. *Manning,* 75 Vt. 185, 189, 54 Atl. 181; an attempt to persuade one to speak falsely, as in *State* v. *Manley,* 82 Vt. 556, 557, 74 Atl. 231; introducing false and fabricated evidence at the trial, as in *State* v. *Williams,* 27 Vt. 724, 726, and *State* v. *Magoon,* 68 Vt. 289, 292, 35 Atl. 310; falsely attempting to fasten guilt upon another party, as in *State* v. *Totten,* 72 Vt. 73, 78, 47 Atl. 105.

The exclusion of this part of the offer was error. The offer of Laden's talk with Girard about calves was properly rejected for the reason that it did not go far enough to disclose that the expected testimony would be of any probative value.

■■■ There was no harmful error in the admission of the note and mortgage held by the bank. In the first place, the existence of this encumbrance on the real estate had already appeared by the application, the policy, and the proof of loss. It was alleged in the complaint, and it was not denied in the answer or at the trial. Then, too, inasmuch as this suit was brought and carried on for the use and benefit of the bank, it was necessary to show the bank's interest, so that it might control the judgment until its claim was extinguished. And, finally, counsel for the defendant admitted when the papers were offered, that they were admissible for the purpose of showing how much was due the bank.

No claim is here made that such evidence should be addressed to the court and not to the jury, so we give it no attention.

■■■ There was no error in excluding Larock's opinion about the person or persons seen at the Girard house on the night of the fire. The circumstances were not complicated or obscure; Larock said that it was only a very few seconds after he saw the man with the lantern that he saw the person in the house. The jury could say as well as the witness whether it was possible that two persons were there.

■■ The defendant called the clerk of the court as a witness, and offered to show by him (1) the record of a foreclosure brought by the bank against Girard and the Ladens prior to the fire; and (2) the record of the conviction of Louis Girard for burning these buildings with intent to defraud the defendant. The offers were excluded, and the defendant excepted.

The first offer was properly excluded because the only ground on which it was offered was "in order to get the full record of the parties to that proceeding in the case." This reason was wholly inadequate, and the facts tendered were irrelevant to any issue being tried.

The second offer requires more attention. As we have seen, anything that would be a defense as against the Girards, would be a defense against the bank. But it does not follow that such a defense could be proved by the record referred to or even be evidenced thereby. There is a vast difference in admitting a judgment to prove its rendition, and admitting it to prove the facts on which it is predicated.

For the former purpose, if relevant, it may always be given in evidence; for the latter purpose it is not admissible in a civil suit though such facts are directly in issue. This doctrine is supported by the great weight of authority, though cases are to be found to the contrary. The reasons for the rule are well stated in *Interstate Dry Goods Stores* v. *Williamson*, 91 W. Va. 156, 112 S. E. 301, 31 A. L. R. 258, and the whole subject, together with a collection of the cases, is covered by a note thereto. Our own cases are in accord. *Quinn* v. *Quinn*, 16 Vt. 426; *Robinson* v. *Wilson*, 22 Vt. 35, 36, 52 A. D. 77; *Fratini* v. *Caslini*, 66 Vt. 273, 276, 29 Atl. 252, 44 A. S. R. 843. These cases put the matter on the ground that the convictions evidenced by the record may have been obtained on the testimony of the person in whose favor it is offered. But, as Chief Justice Shaw said in *Mead* v. *Boston*, 3 Cush. (57 Mass.) 404, 407, "It is not the fact that the verdict was or was not obtained upon the testimony of the plaintiff or other person interested, that renders the conviction incompetent evidence, but it is rejected because it is *res inter alios*."

It is earnestly argued that a distinction exists between the case in hand and other cases in its general class, and that public policy requires us to accept the view of the law contended for

340

by the defendant, but we are not willing to conform to this argument, and are quite content to leave the law of the subject as we find it. We have tried to make it plain that the guilt of the Girards would be a complete defense here; all we hold is that guilt must be proved anew and cannot be established in whole or in part by the record of Girards' conviction.

The defendant argues that to permit a recovery by an assured who has deliberately set fire to his property "shocks the most fundamental notions of justice." We quite agree. But the fact that the assured *did* set the fire cannot be assumed; it must be proved; and that proof must be of such form and character as the rules of evidence require.

In our discussion of the exception last disposed of, we have deliberately broadened the scope of it. The record was offered as a bar. It is so treated in the answer. But, inasmuch as the case is to go back for a retrial, we have deemed it best to cover the whole question of the record's admissibility.

An exception was taken to the charge, but it is not briefed, and we treat it as waived.

The defendant moved for a verdict, in arrest of judgment, and for a judgment. But as the retrial may materially change the case made by the proof, we do not consider the exceptions saved when these motions were overruled.

*Judgment reversed, and cause remanded.*

NOTE. WILLCOX, J., sat in this case, but took no part in the decision.