HOLDEN & WHEELING MUTUAL FIRE INSURANCE COMPANY v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

January 3, 1913.

Nos. 17,937—(231).

**Defect of parties — objection to evidence.**

An objection to the introduction of any evidence, on the ground that there is a defect of parties, in that plaintiff is only a part owner of the cause of action, was properly overruled, since such an objection must be taken by demurrer or answer, and in either case the pleading must point out the person claimed to be a necessary party.

**Verdict sustained by evidence.**

The evidence sustains the verdict that the fire which caused the loss was set by sparks from defendant's locomotive.

[1] Reported in 139 N. W. 157.

Action in the district court for Rice county to recover $1,670, the amount paid by plaintiff on account of loss from fire alleged to have been set by the negligent operation of defendant's locomotive and by reason of its defective character. The answer specifically denied that the property was destroyed by reason of any negligent act of defendant and that the fire was communicated from defendant's engine. The reply denied the allegations of new matter in the answer. The case was tried before Childress, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall* and *Charles W. Weyl,* for appellant.

*P. H. O'Keefe,* for respondent.

HOLT, J.

Ernst Schuette's dwelling house, located within 25 feet of the railway tracks of the defendant, where its line passes in a southwesterly direction from Dennison to Nerstrand, in this state, was, together with granary, some grain, and other property, destroyed by fire claimed to have been started by a freight train which passed at about 4:45 a. m. on March 24, 1911. Plaintiff had insured the house and property of Schuette against fire, and after the loss adjusted the same, paying him $1,670 and taking a formal assignment of the cause of action he had against defendant to the extent of the amount paid by it. Thereupon plaintiff brought this suit and recovered a verdict for the amount paid Schuette. The motion of defendant for judgment or a new trial being denied, it appeals.

The defendant objected to the introduction of any evidence, for the reason that it appears from the pleadings that plaintiff had paid but a portion of a fire loss and taken an assignment of but a portion of a cause of action, and that plaintiff is not the proper party plaintiff. The court overruled the objection. This is one of the errors assigned. The trial court was right.

The complaint did not show a partial assignment of a cause of action, or defect of parties plaintiff or defendant. If it had, the objection should have been taken by demurrer. Neither was it taken by

answer. Therein the incorporation of plaintiff and defendant was admitted; the fire, its cause, the ownership of the property destroyed, its insurance by plaintiff, the adjustment of the loss, and the assignment of the cause of action by the owner to plaintiff, was put in issue; then followed allegations of negligence on the part of the owner which caused the fire; and the only other averment in the answer is this:

"Further answering said complaint, defendant alleges that said plaintiff has no right or legal capacity to sue in this case, and that the facts stated in said complaint do not constitute a cause of action."

It is obvious that the answer does not present the defense urged now, namely, that the insured should have been made a party, for the rule is that, where the answer sets up in abatement defect of parties, it must name the party omitted. Jones v. City of Minneapolis, 31 Minn. 230, 17 N. W. 377; Davis v. Chouteau, 32 Minn. 548, 21 N. W. 748. The pleading did not show that any other person than plaintiff had any interest in the cause of action; neither does it appear from the evidence that any one else makes such claim.

The only question submitted to the jury was whether the freight train which passed the dwelling of Schuette at about 4:45 in the morning in question set the fire. When this train passed, no light or fire was seen at the house; but within a half hour thereafter Schuette and his wife noticed smoke in the house, and, going outside, found the fire burning in the horse manure with which the side of the house next to the track had been banked, and it had also communicated to the wall of the building. There was positive testimony of these parties that no fire or light was used in the house that morning, all being in bed; that it was an isolated farmhouse, standing very close to the track of the defendant; that a strong wind was blowing from the track toward the building; that the freight train which passed had a heavy load pulled by two locomotives; and that there was a considerable upgrade in the direction the train was going, causing sparks to be emitted more readily than on the level or downgrade. Upon this testimony it is readily seen that the jury was

fully warranted in finding that sparks from these locomotives started the fire in the straw or manure of the banking of the house and caused the loss. The only evidence from which a contrary inference might be drawn was given by the train crew of a second section of a freight train, which followed the first mentioned in about an hour thereafter. This crew claimed that when they went by the fire appeared to be in the cellar or basement, although they admitted that Mrs. Schuette was pulling away the banking and Mr. Schuette was cutting a hole in the siding next to the banking to get at the fire in the wall. The issue as to the cause of the fire was clearly for the jury. We cannot disturb the verdict approved by the trial court. Upon no other issue was there any conflict in the evidence.

Order affirmed.