## STATE SAVINGS BANK v. SHIBLE MUTUAL FIRE INSURANCE COMPANY.[1]

July 8, 1927.

No. 26,055.

**Mortgagee unable to recover on policy of township mutual fire insurance company after sale of property without consent of insurer.**

A policy of insurance issued by a township mutual fire insurance company provided that the policy should become wholly void if the property insured was sold or transferred without the consent of the company indorsed on the policy. A rider provided that the loss, if any, should be payable to appellant, as the holder of a mortgage on the property. The property was conveyed to third parties without the consent of or notice to the company. Subsequently a dwelling house covered by the policy was destroyed by fire. In an action by the mortgagee to collect the insurance, the company defended on the ground that the contract of insurance was avoided by the transfer of the property. *Held*, that the defense is good; that, since the provisions of the statute applicable to fire insurance companies generally are not applicable to township mutual companies, and since such companies are not required to use the standard form of policy prescribed by G. S. 1923, § 3512, the mortgagee's protection is lost when the insured loses his right to enforce the policy.

Fire Insurance, 26 C. J. p. 17 n. 2; p. 18 n. 5, 6, 7; p. 28 n. 8; p. 29 n. 22; p. 56 n. 49; p. 84 n. 66, 68, 70, 74, 77.

See note in 38 A. L. R. 316; 14 R. C. L. 1115; 4 R. C. L. Supp. 939; 6 R. C. L. Supp. 856.

Plaintiff appealed from a judgment of the district court for Swift county, Qvale, J. Affirmed.

*John I. Davis* and *Oscar Hallam*, for appellant.

*F. E. Wright, C. A. Fosnes,* and *John C. Haave,* for respondent.

[1]Reported in 214 N. W. 926.

LEES, C.

This action was brought to recover on a policy of fire insurance. The court made findings in defendant's favor. This appeal was taken from the judgment.

The policy covered the dwelling house on a farm in Swift county once owned by William H. Doyle. In May, 1919, Doyle entered into a contract for the conveyance of the farm to the Lowell Investment Company. In July of the same year the contract was assigned to Albert L. Stone. In February, 1920, Doyle and Stone mortgaged the farm to a Swift county bank. The bank assigned the mortgage to the plaintiff. The mortgage provided that the mortgagors should keep the farm buildings unceasingly insured in a responsible insurance company, the amount of loss, if any, to be payable to the mortgagee. In March, 1920, Doyle conveyed the farm to Stone. In April, 1920, defendant, a township mutual fire insurance company, issued the policy in question to Stone. Incorporated therein was one of defendant's by-laws, providing that if the property should be sold or transferred, or if any change took place in the title, use or occupation by the act of the assured, without the consent of the defendant indorsed on the policy, the policy should become wholly void. In August, 1920, Stone assigned the policy to W. F. Couch, who had purchased the farm from him. Defendant gave its consent to this assignment and its secretary attached a rider to the policy reading:

"Mortgage Clause. 'Subject to the stipulations, provisions and conditions contained in the policy, the loss, if any, is payable to State Savings Bank, Mortgagee, or its assigns as their interests may appear.' "

Plaintiff is the bank referred to in the rider. In February, 1923, Couch conveyed the farm to DeWolf and Howe. Neither the plaintiff nor the defendant had knowledge or notice of the conveyance until after a fire totally destroyed the dwelling house in October, 1923. Due notice and proof of loss were given and, upon defendant's refusal to pay, this action was brought.

The defense was that the conveyance of the property by Couch to DeWolf and Howe avoided the policy in toto. The trial court took that view of the case, and the sole question presented is whether it is erroneous.

Among the provisions of the statute applicable to township mutual fire insurance companies is G. S. 1923, § 3659, reading in part as follows:

"No law relating to insurance companies now in force in this state shall apply to township mutual fire insurance companies unless it shall be expressly designated in such law that it is applicable to such companies."

Section 3670, G. S. 1923, provides that township mutual fire insurance companies shall be governed by the act of the legislature under which they are organized and shall be exempt from all provisions of the insurance laws of this state "not only in governmental relations with the state, but for every other purpose, and no law hereafter passed shall apply to such company unless it shall be expressly designated in such law that it is applicable to township mutual fire insurance companies."

Section 3512, G. S. 1923, provides:

"No fire company shall issue on property in this state any policy other than the standard form herein set forth, * * * and no condition, stipulation or term, other than those therein provided for, * * * shall be valid * * *."

The standard form provides that if the policy shall be made payable to a mortgagee of insured real estate, no act or default of any person other than the mortgagee or his agents, or those claiming under him, shall affect the mortgagee's right to recover in case of loss.

Counsel for plaintiff concede that with practical unanimity the authorities agree that an act of the owner of insured property which forfeits the policy as to the insured forfeits it also as to the mortgagee to whom the loss is made payable, unless by act of the legislature or in the contract of the parties provision is made for

the continued protection of the mortgagee notwithstanding such act of the insured. This conclusion is based on the following line of reasoning: A policy of fire insurance is a contract to indemnify the insured against loss. It is a personal contract with him. It is not an absolute promise to pay money when the property is destroyed. It does not run with the insured property unless expressly so stipulated. A mortgagor and a mortgagee may each separately insure his own interest in the mortgaged property. When the insurance is effected by the mortgagor, with the consent of the insurer he may have the loss made payable to the mortgagee by an indorsement on the policy. Such an indorsement is treated as a stipulation in advance for the payment of the amount which may become due under the policy. It gives to the mortgagee an equitable interest in the money to the extent of the debt secured by the mortgage; but the direction to pay to the mortgagee, although consented to by the insurer, does not give rise to a contract between the mortgagee and the insurer. The mortgagee's rights depend on those of the insured, and if the insured loses his right to enforce the contract with the insurer, the mortgagee loses his also. Many cases sustaining these propositions are collected in 26 C. J. p. 84. See also Langdon v. Minn. Farmers Mut. F. Ins. Co. 22 Minn. 193; Plath v. Minn. Farmers Mut. F. Ins. Assn. 23 Minn. 479, 23 Am. R. 697; Bates v. Equitable Ins. Co. 77 U. S. 33, 19 L. ed. 882.

It is to be understood, of course, that none of these rules are applicable where the policy is in the standard form prescribed by the statute. See Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 A. S. R. 370; Bankers J. S. L. Bank v. St. Paul F. & M. Ins. Co. 158 Minn. 363, 366, 197 N. W. 749; Mark v. Liverpool & L. & G. Ins. Co. Ltd. 159 Minn. 315, 322, 198 N. W. 1003, 38 A. L. R. 310.

Township mutual fire insurance companies are not required to use the standard form of policy, Trost v. Delaware Farmers Mut. F. Ins. Co. 137 Minn. 208, 163 N. W. 290, so the case comes to this: Should such a policy as this be construed to require the insurer to pay the amount of the loss to the mortgagee notwithstanding the

fact that neither the mortgagor nor his grantees could enforce the contract?

Counsel for plaintiff advances arguments which, if addressed to the legislature, might well lead to an amendment of the statute which would place policies issued by township mutual fire insurance companies in the same class as policies written by other fire insurance companies; but if we were to construe the statute as we are asked to construe it, we should be invading the province of the legislature. Presumably the legislature knew the law as it stood before the use of the standard form of policy was prescribed and, for reasons of its own, decided not to change 'it as to township mutual fire insurance companies.

Judgment affirmed.