CAPITAL FIRE INS. CO. OF CALIFORNIA
v. LANGHORNE.

No. 12916.

Circuit Court of Appeals, Eighth Circuit.

Jan. 2, 1945.

Le Roy Bowen, of Minneapolis, Minn., for appellant.

Henry W. Norton, of Minneapolis, Minn., for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On August 3, 1939, appellee, John L. Langhorne, entered into a contract for a deed with one Christine Peterson by which he agreed to convey to Christine Peterson certain real property in Hennepin County, Minnesota, on which there was a dwelling house and other buildings. The consideration for the sale was $4,000, payable in installments over a period of years. The contract provided that title to the property conveyed should remain in the vendor until full payment of the purchase price had been made, and that until such time the vendee should keep the buildings insured against loss by fire, the loss, if any, to be payable to the vendor, with the obligation on his part to account to the vendee for any

surplus over the amount owing the vendor at the time of the loss.

Christine Peterson took possession of the real property and procured from the appellant, Capital Fire Insurance Company of California, a policy of insurance, insuring her against loss or damage to the buildings. The policy contains the following open mortgage clause under the heading "Contract for Deed Clause":

"Notice accepted that the premises described herein have been sold to Christine Peterson under contract for deed.

"Subject to the stipulations, provisions and conditions contained in this policy, loss, if any, is payable to ———, Mortgagee; to John L. Langhorne, owner and to Christine Peterson, Contract Purchaser, as their interest may appear";
and also a union or standard mortgage clause as follows:

"If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee, or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate.

"Provided, that * * * whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the company interested, upon such payment, the said mortgage, together with the note and debts thereby secured."

There is a further provision in the policy requiring the insured, upon the payment of any loss, to assign to the insurer, to the extent of the payment, all right of the insured to recover satisfaction for the loss from any person or corporation other than insurers.

On October 30, 1940, while the policy of insurance was in force in the sum of $7,500, the insured dwelling house was damaged by fire of incendiary origin. At the time of this fire the balance due appellee on the contract for deed amounted to $3,640.97, principal and interest. The damage to the building by reason of the fire, as well as the amount of the insurance carried upon it, exceeded the amount due appellee under his contract for deed.

Following the fire Christine Peterson and Langhorne each made proof of loss as required by the policy. Neither claim was paid by the insurance company. Christine Peterson and one Anderson were indicted on charges of arson in connection with the burning of the insured premises. Anderson pleaded guilty to the indictment. Christine Peterson was tried and convicted. On the failure of the appellant insurance company to pay his claim, which was for the amount of principal and interest owing him under the contract for deed, appellee, within the time limited in the policy, instituted this action in a Minnesota court to recover the amount of his claim. On the ground of diversity of citizenship the action was removed to the United States District Court for the District of Minnesota where the proceedings were lodged on October 17, 1941. On January 22, 1942, the appellant company answered, admitting appellee's ownership of the property, his contract to convey to Christine Peterson, the policy of insurance issued by it to Christine Peterson, and damage to the insured premises by fire. It set up in defense to the action that Christine Peterson and Langhorne had each attempted to defraud the insurance company by misrepresentation of material facts in the proofs of loss filed by them, and that the fire which caused the loss had been started by Anderson at the request and under the direction of Christine Peterson.

After the admission by each party of certain facts concerning the origin of the fire, the validity of the policy at the time of the fire, and its provisions, appellee moved for a summary judgment, relying upon the union or standard mortgage clause in the policy, providing that no act or default of any person other than the mortgagee or his agents should affect the mortgagee's right to recover. The motion was denied by the district court on March 2, 1942. Langhorne v. Capital Fire Insurance Company of California, 44 F.Supp. 739. In its opinion the district court stated that the issue before it on the motion was whether the standard or union mortgage clause, protecting the mortgagee from the consequences of the acts or defaults of the insured, likewise protected a vendor in a contract for a deed. It concluded that the union mortgage clause was not applicable on the rights of a vendor under a contract to convey. This question is not involved on this appeal.

Since, in its order on appellee's motion for a summary judgment, the district court had held that any act or default on the part of Christine Peterson which avoided the policy as to her would likewise avoid it as to appellee, the appellant moved for a summary judgment, relying on the conviction of Christine Peterson in the State court on the charge of arson as proof of the fact that she had set fire to the building. This motion the district court denied on May 9, 1942, on the ground, appearing at the hearing, that Christine Peterson had appealed the judgment of conviction to the Minnesota Supreme Court where the matter was then pending. The judgment of conviction of Christine Peterson was reversed, and the motion of appellant for summary judgment was not renewed.

On March 8, 1943, appellant filed a motion for leave to file a supplemental answer. This motion was supported by an affidavit of appellant's counsel showing that Christine Peterson had brought suit, in the same court in which this action was pending, to recover upon the same policy, and that her action had been dismissed by the district court for want of jurisdiction; that, on affiant's information and belief, Christine Peterson had commenced no other action to recover on the policy within the time limited in the policy for the beginning of such actions, and that, accordingly, any right of action in Christine Peterson on the policy was barred by limitations. The motion was granted and the answer filed. Appellant then presented its second motion for a summary judgment or for a dismissal of the action, alleging that, since any action on the policy was barred as to Christine Peterson, the appellee's action was likewise barred. This motion was denied by the district court on June 29, 1943. The case was called for trial on the 14th day of October, 1943.

After a jury had been empaneled and sworn, the appellant objected to the introduction of any testimony by appellee on the following grounds: (1) That the complaint did not state facts sufficient to entitle appellee to any relief; (2) that it appeared from the pleadings that the appellee was not the real party in interest; (3) that Christine Peterson was the real party in interest or that she was a trustee of an express trust or a party in whose name a contract was made for the benefit of another, or that she had a joint interest in the action, and that in either case the appellee could not maintain the present action under Rules 17 and 19 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Appellant also moved in the alternative for an order dismissing the complaint. Both motions were overruled, as well as the motions of both parties for a directed verdict at the conclusion of the testimony.

The jury returned a verdict in favor of the appellee for the full amount claimed, finding, in answer to special interrogatories propounded by the court, that Christine Peterson was not a party to a conspiracy to set fire to the insured building, that she was not guilty of any attempt to defraud the insurance company in connection with the fire, and that none of the statements in the proofs of loss filed by Peterson and appellee was knowingly false or made with intent to defraud the appellant. Appellant's motions for judgment notwithstanding the verdict and for suspension of judgment on the verdict until appellee conveyed to appellant the insured property and assigned to the appellant his rights under the contract for a deed were overruled and judgment entered for the appellee. Several grounds for these motions are assigned as errors on this appeal. They are: (1) That, by reason of the open mortgage clause in this policy and the provisions of Rules 17 and 19 of the Rules of Civil Procedure, the appellee is not entitled to maintain this action; (2) that the action is barred by limitations; (3) that, if the judgment is to stand, appellant is entitled to be subrogated to the rights of appellee under his contract for deed.

1. In this action the appellee seeks to recover only that part of the loss insured which was payable to appellee by the terms of the contract of insurance made by the appellant and Christine Peterson for the benefit of appellee. The sufficiency of the evidence to support the jury's finding that Christine Peterson was not responsible for the fire which damaged the building, nor guilty of any other attempt to defraud the appellant such as would have avoided the policy, is not questioned. It follows that the contract sued on was valid both as to appellee and as to Christine Peterson, each of them having an interest in the total sum for which appellant was liable, but, at the time of the trial Christine Peterson's cause of action on the insurance policy was barred by limitations; and, unless the appellee's action was also

barred, he was then the only person competent to recover on the insurance contract. The right of appellee to maintain the action depends upon his substantive right under the insurance contract. The question is not one of procedure, but one of substantive law, controlled in this case by the law of Minnesota. 2 Williston on Contracts, Revised Edition, § 366; 2 Moore's Federal Practice, § 17.01; Federal Surety Company v. Minneapolis Steel & Machinery Co., 8 Cir., 17 F.2d 242, 244.

■ The district court having held that the union or standard mortgage clause in the policy of insurance was not effective to create an independent contract of insurance between the appellee and the appellant, the case was tried on the theory that the right of the appellee to maintain the action rested exclusively upon that provision of the policy which provided that the loss, if any, should be payable to the appellee as vendor and Christine Peterson as vendee "as their interest may appear." The parties admit that on principle the rights of appellee and Christine Peterson under this provision of the policy are the same as those of a mortgagee and mortgagor, respectively, under the so-called open mortgage clause. The distinction between the rights of a mortgagee (the appellee in this case) under such a loss payable clause and the rights of a mortgagee under the so-called standard or union mortgage clause, stipulating that the insurance shall not be invalidated as to the mortgagee by any act or default of the mortgagor, is, as the appellant points out, that under the open mortgage clause the mortgagee is merely an appointee to receive the fund recoverable in case of loss to the extent of his interest, whereas, by the union or standard mortgage clause, an independent contract of insurance is created between the mortgagee and the insurer, and that under the open mortgage clause the protection of the mortgagee under the insurance contract is at the peril of any act or default of the mortgagor which avoids the policy of insurance. This distinction is recognized in Minnesota and in the majority, if not all, of the other States and by the Federal courts. Magoun v. Fireman's Fund Insurance Co., 86 Minn. 486, 91 N. W. 5, 91 Am.St.Rep. 370; State Savings Bank v. Shible Mutual Fire Insurance Co., 172 Minn. 122, 214 N.W. 926; Syndicate Insurance Co. v. Bohn, 8 Cir., 65 F. 165, 27 L.R.A. 614; Atlas Reduction Co. v. New Zealand Insurance Co., 8 Cir., 138 F. 497, 9 L.R.A.,N.S., 433; and see note in 124 A.L.R., page 1034 et seq.

■■ But it does not follow, as appellant contends, that a mortgagee may not maintain an action against the insurer under the open mortgage clause because by that clause he has no independent contract with the insurer and because his action may be defeated by some act or default of the mortgagor which invalidates the contract of insurance. The appellee here does not prosecute his action upon an alleged independent contract with the appellant insurance company, but upon an independent claim against appellant, vested in him by a contract made for his benefit by the insured Christine Peterson and the appellant insurance company. The right of such a third party beneficiary to sue on a contract for his benefit is fully recognized in Minnesota in the case of La Mourea v. Rhude, 209 Minn. 53, 295 N. W. 304, in which the court expressly adopts the modern rule as stated in 1 Restatement of the Law of Contracts, §§ 133–147. The rule in Minnesota is in accord with the great weight of authority in other jurisdictions. "At the present time nearly all of the American jurisdictions follow the rule that one for whose benefit a contract is made may, although not a party to the agreement and not furnishing the consideration therefor, maintain an action thereon against the promisor." See annotation in 81 A.L.R. 1271, 1279. And in 2 Williston on Contracts, Revised Edition, § 401A, it is said that under the open mortgage clause or union mortgage clause in a policy of fire insurance the mortgagee has "a direct right of action against the insurer, even in jurisdictions which give no right of action to third party beneficiaries"; and that "The mortgagee's interest in such a policy is essentially the same as any creditor's interest in a promise made to his debtor to pay the debt." The Supreme Court of Minnesota in Maxcy v. New Hampshire Fire Insurance Co., 54 Minn. 272, 55 N.W. 1130, 40 Am.St.Rep. 325, held that a policy of insurance by the terms of which a loss insured against was payable to a third party, as his interest may appear, is a contract for the benefit of the third party, and that he may enforce the contract in his own name without joining the insured. Since the question under discussion is controlled by Minnesota law, we need not consider cases from other juris-

dictions relied on by appellant. However, it may be noted in passing that the Alabama case of Fire Insurance Co. v. Felrath, 77 Ala. 194, 54 Am.Rep. 58, cited by appellant as a leading case, holding that under an open mortgage clause a mortgagee may not maintain an action against the insurer to recover his loss, has been explicitly overruled by the later case of Capital City Insurance Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am.St.Rep. 152. In this case the Alabama court held not only that the mortgagee might maintain a direct action on a policy against the insurer, but also that where the loss exceeds the amount of the mortgagee's interest, the mortgagor and the mortgagee might maintain separate actions to recover their respective interests, the court being of the opinion that the open mortgage clause created separate causes of action on the policy for the mortgagor and the mortgagee. The Michigan cases cited by the appellant are distinguishable by the fact that Michigan is one of the few states in which a party for whose benefit a contract has been made is not permitted to sue upon the contract.

The appellant seeks to avoid the effect of the decision of the Minnesota court in Maxcy v. New Hampshire Fire Insurance Co., supra, on the ground that in that case the amount of the loss did not exceed the amount of the mortgagee's claim, while in the present case it is admitted that the reverse of this situation is true; and also upon the ground that the insurance policy involved in the Maxcy case contained a loss payable clause essentially the same as the so-called union mortgage clause. Appellant's argument is that in the Minnesota case the court was really dealing with the rights of the mortgagee under the union mortgage clause, or, if not, that the opinion must be interpreted to mean no more than that a mortgagee under an open mortgage clause may maintain an action against the insurer to recover his loss only when the amount of his loss equals or exceeds the total amount recoverable under the policy. Each of these contentions the district court denied after a very full discussion of the Maxcy case and other decisions of the Minnesota Supreme Court, including Magoun v. Fireman's Fund Insurance Co., supra, and Ermentrout v. American Fire Insurance Co., 60 Minn. 418, 62 N.W. 543. Our consideration of the Minnesota cases leads us to the conclusion that the interpretation placed upon them by the district court is correct. A full discussion of the cases may be found in the opinion of the District Court in Langhorne v. Capital Fire Insurance Co. of California, 54 F.Supp. 771, 774, 775. It is unnecessary to repeat that discussion here. Moreover, conceding that the proper interpretation of Maxcy v. New Hampshire Fire Insurance Co., supra, is that the mortgagee under an open loss payable clause may maintain an independent action against the insurer only when the amount of his interest equals or exceeds the amount recoverable under the policy, it appears that, for all practical purposes, that is the situation in the present case, as the district court pointed out. Since, at the time of the trial of this action, the interest of the mortgagor in the amount of the loss was barred by limitations, nothing in excess of the mortgagee's claim could have been recovered of the insurer in an action brought by the mortgagor or by the mortgagor and the mortgagee as co-plaintiffs.

■ In final analysis, appellant's position under this assignment of error comes down to the contention that there is a defect of parties plaintiff, and that to allow the appellee to maintain the action without joining Christine Peterson is to permit a splitting of one cause of action on the insurance policy against the insurer. If, as we have held, the appellee has the right under Minnesota law to maintain an action in his own name for the recovery of the amount of his loss, this contention is without foundation. If we concede that Christine Peterson is a proper party plaintiff in appellee's action, or that her absence results in a splitting of one cause of action on the insurance policy, it is clear from this record that the responsibility for this situation rests upon appellant. When the present action was begun the appellant made no objection that there was a defect of parties plaintiff, nor did it raise the point that to permit the prosecution of the action in the name of the appellee would result in splitting one cause of action on the insurance policy. On the other hand, it filed an answer denying liability to appellee on the ground that the fire responsible for the loss had been set by Christine Peterson, and moved for a summary judgment on that ground. When Christine Peterson sued in the same district court in which this action was pending, the appellant secured a dismissal of her action on the

ground that Peterson, an alien, could not sue it, a California corporation, in Minnesota. When, by reason of Christine Peterson's failure to institute another action within the time limited in the policy, her rights under the policy became barred by limitations, appellant moved for a summary judgment in the present action on the ground that, since Peterson's action was barred, the appellee's action was likewise barred. Approximately two years elapsed between the institution of appellee's action and the date of its trial. During this time the appellant never raised the objection based upon a defect of parties or upon a splitting of the cause of action. Its defenses were that the policy of insurance had been invalidated by the acts of the insured, that any action on the policy was barred, and that appellee, in any event, was not a party to the insurance contract and could not sue on it. The issue of a defect of parties plaintiff was put into the case at the beginning of its trial and after Christine Peterson's right of action on the policy had been barred by limitations. On this record we think the district court was right in saying that the appellant had elected to defend two actions instead of one on the policy of insurance. The rule against splitting a cause of action is a rule for the benefit of the defendant which it may waive and which it does waive unless the issue is promptly raised. This is also true of the objection that there is a defect of parties plaintiff, unless the absent party is indispensable. 1 C.J., Actions, § 280; 1 C.J.S., Actions, § 102; 47 C.J., Parties, § 381; Holden & Wheeling Mutual Fire Insurance Co. v. Chicago Great Western Railroad Co., 120 Minn. 230, 139 N.W. 157. Maxcy v. New Hampshire Fire Insurance Co., supra, is authority for the statement that Christine Peterson was not an indispensable party in the present action.

■■ Nor can the appellant derive any benefit on the issue of a defect of parties from either Rule 17 or Rule 19 of the Rules of Civil Procedure. Since under Minnesota law the appellee is a party for whose benefit the contract of insurance was made, and, in this capacity, has the substantive right to prosecute an action against the insurer to recover his interest protected by the contract, he is the real party in interest under Rule 17. Christine Peterson does not have a joint interest with him, nor is she a party necessary to complete relief between appellee and appellant, requiring her presence under Rule 19. It may be noted also that Rule 17 requires that all actions be prosecuted, not merely brought, in the name of the necessary party in interest. At the time of the trial of this action the recovery by Christine Peterson of any interest in the amount of the loss covered by the policy was barred by limitations. It would seem to follow from this that her presence was not necessary, under Rule 19, to a complete adjudication of the controversy before the court, and also that at the time of the trial she was not the real party in interest and therefore not entitled to prosecute the action. 3 Ohlinger's Federal Practice, 274. In any event a reversal because of a defect of parties would only serve to delay final adjudication. The absence of parties other than those indispensable to the court's jurisdiction is not ordinarily ground for dismissal. Usually, the proper procedure on appeal is a remand of the case in order that the proper parties may be brought in. Franz v. Buder, 8 Cir., 11 F.2d 854; Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332. That no benefit could result to the appellant from bringing in a party whose cause of action is barred is apparent.

■ 2. What has just been said concerning appellee's right to maintain this action for his own benefit disposes of appellant's contention that the action is barred by limitations. We also agree with the district court that the acts or defaults of the party insured which would defeat an action against the insurer by the mortgagee under an open mortgage clause are such acts or defaults as are effective to avoid the policy.

■ 3. The district court was clearly correct in denying appellant's claim to subrogation to the rights of appellee as vendor in the contract for a deed. On this question, as on others urged by appellant, the parties agree that the position of the vendor is the same as that of a mortgagee under a policy of insurance containing only an open mortgage clause. Accordingly, the district court held applicable the general rule in the situation here which is that, where the insurance on the mortgaged property has been obtained by the mortgagor, loss payable to the mortgagee as his interest may appear, the insurer is not entitled to subrogation to the rights of the mortgagee on payment of the loss to him, in the absence of a provision to that effect in the policy. To hold the contrary

would deny the mortgagor the protection for which he has paid and permit the insurer to escape the liability which it has assumed under its contract. In the absence of a subrogation clause in the policy of insurance payable to the owner and the mortgagee, as their interests may appear, a payment to the mortgagee is a payment pro tanto of the mortgage debt. In this case the application of the fund payable under the policy to the mortgage debt is expressly required by the conditional sales contract. See the district court's discussion in Langhorne v. Capital Fire Insurance Co. of California, D. C., 54 F.Supp. 771, 778; and also Fields v. Western Millers' Mutual Fire Insurance Co., 290 N.Y. 209, 48 N.E.2d 489, 146 A.L.R. 434; and the annotation in 146 A.L.R. 442.

The judgment of the district court is affirmed.