## ELMER L. EHLERT v. ARTHUR GRAUE AND ANOTHER.

195 N. W. 2d 823.

March 10, 1972—No. 43043.

*Erickson, Zierke, Kuderer, Utermarck & Sinor* and *David McKenna,* for appellant.

*Callaghan & Wendland* and *Arvid Wendland,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

MURPHY, JUSTICE.

Appeal from judgment in favor of defendants in an action to

recover for fire loss to a farm building brought by plaintiff, Elmer L. Ehlert, against defendants, Foster Farmers Mutual Fire Insurance Company, and Arthur Graue, from whom plaintiff purchased the property on a contract for deed. We are asked to resolve an apparent conflict in statutes as they relate to standard provisions for fire insurance policies and provisions for township mutual fire insurance policies.

It appears from the record that the property in question was an abandoned house located on farm property purchased by plaintiff from defendant Graue on a contract for deed. The contract was entered into June 28, 1968, and plaintiff was to take possession on March 1, 1969. Graue vacated the premises in October 1968, and the house was destroyed by fire about a month later. The property was insured by a policy issued by Foster Farmers Mutual Fire Insurance Company, and the value of the building was stated as $4,000.[1] After the dwelling was destroyed by fire, defendant Graue settled the fire insurance loss claim for $100. The authority for so doing was contained in the contract for deed, which recited:

"It is further agreed that the first party will carry insurance on the buildings on said premises as now carried until March 1, 1969 at which time possession of said premises will be delivered to second party. In the event he collects any amount on any of said insurance policy and does not invest the same in said buildings the same will be considered a payment on this contract."

The amount of the settlement was credited to the purchase price. It appears that the jury found by special verdict that the house had no value.

---

[1] The policy provided: "Foster Farmers Mutual Fire Insurance Company * * * IN CONSIDERATION OF THE APPLICATION * * * and payment of such fees and premiums as stated in the application, and the further payment of such assessments as may be lawfully required and called, does hereby insure above-named insured * * * AGAINST ALL DIRECT LOSS OR DAMAGE BY FIRE * * * except as hereinafter provided, on the following property described in application * * *."

Plaintiff nevertheless contends that he is entitled to recover the sum of $4,000 under the standard "valued policy" provisions contained in Minn. St. 65A.08, subd. 1, which says that every company insuring any building shall examine the building and fix its value, and § 65A.08, subd. 2, which provides that the insurer "shall pay the whole amount mentioned in the policy or renewal upon which it receives a premium, in case of total loss, and in case of partial loss, the full amount thereof." [2]

The application of this latter standard provision of fire insurance policies has been discussed in numerous decisions. Ordinarily, in an action on a stated-value fire insurance policy, the insured recovers the stated value without reference to the actual value if the building is totally destroyed. He recovers actual loss if the building is partially destroyed. Brooks Realty, Inc. v. Aetna Ins. Co. 276 Minn. 245, 149 N. W. 2d 494 (1967); Antell v. Pearl Assur. Co. Ltd. 252 Minn. 118, 89 N. W. 2d 726 (1958). The "valued policy" statute comprehends that the parties agree in advance on a valuation of the property to be insured, and, in the absence of fraud, this valuation is binding and not subject to judicial inquiry. Nathan v. St. Paul Mutual Ins. Co. 243 Minn. 430, 68 N. W. 2d 385 (1955).

Defendant insurance company insists, however, that, because it is a township mutual fire insurance company, the provisions of § 65A.08 relating to standard "valued policy" provisions do

---

[2] Minn. St. 65A.08, subd. 1, recites: "Every company insuring any building or other structure against loss or damage by fire, lightning, or other hazard, by the issue of a policy or renewal of one theretofore issued, or otherwise shall cause the structure to be previously examined, a full description thereof to be made, and its insurable value to be fixed all by the insurer or his agent, and the amount thereof to be stated in the policy."

Minn. St. 65A.08, subd. 2, recites: "In the absence of any change increasing the risk, without the consent of the insurer, of which the burden of proof shall be upon it, and in the absence of intentional fraud on the part of the insured, the insurer shall pay the whole amount mentioned in the policy or renewal upon which it receives a premium, in case of total loss, and in case of partial loss, the full amount thereof."

not apply to it. It points to § 67A.25, subd. 2, which excludes township mutual fire insurance companies "from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law heretofore or hereafter passed shall apply to the company unless it shall be expressly designated in the law that it is applicable to township mutual fire insurance companies." [3] The trial court agreed with defendants that the foregoing provision of law specifically exempted the insurer from the application of the valued-policy provisions contained in § 65A.08. In discussing the issue in his memorandum, the trial court observed:

"The Court takes the position that the provisions of MSA Sec. 67A25 Sub. 2 are unambiguous. It clearly states that no laws pertaining to insurance other than Laws 1909, Chapter 411, as amended, shall apply to township mutual companies unless such other law *expressly* designates that it is applicable. MSA Sec.

---

[3] Minn. St. 67A.25, subd. 1, provides: "Any township mutual fire insurance company heretofore organized may exercise, after the passage of Laws 1909, Chapter 411, all of the rights conferred thereby that are within the powers and privileges of its certificate or articles of incorporation, or it may be reincorporated thereunder. No such company already organized shall be required to reincorporate thereunder in order to avail itself of the privileges thereof.

"Every township mutual fire insurance company now doing business in this state shall have the right to continue transacting such business until the first day of March succeeding the passage thereof; and, if the commissioner is satisfied that the company is transacting its business in accordance therewith, he shall on the first day of each succeeding March issue a license to the company authorizing it to transact business until the first day of March following the date of the license."

§ 67A.25, subd. 2, provides: "Except as therein provided, all township mutual fire insurance companies heretofore or hereafter organized in this state shall be governed by Laws 1909, Chapter 411, as amended, and excluded from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law heretofore or hereafter passed shall apply to the company unless it shall be expressly designated in the law that it is applicable to township mutual fire insurance companies."

65A08 contains no provision that makes it *expressly* applicable to township mutual fire insurance companies. That section provides that 'Every company insuring any building * * *.' Such terminology would ordinarily make the section applicable to township mutual fire insurance companies, but obviously does not apply in the light of the specific wording of MSA Sec. 67A25 Sub. 2 which requires that any laws other than Laws 1909, Chapter 411, as amended, to be applicable must state that it is made applicable to township mutual fire insurance companies. It is this Court's position that any other laws to be applicable must then contain the words 'township mutual fire insurance companies' in order to fulfill the requirement of MSA Sec. 67A25 Sub. 2."

The issue presented turns upon an interpretation of the two statutory provisions referred to. It is clear from the provisions of § 67A.25, subd. 2, that insurance laws shall not apply to township mutual fire insurance companies without express designation. Plaintiff asserts, however, that § 65A.08, the "valued policy" statute, says that "[e]very company" shall cause the amount to be stated and shall pay the whole amount mentioned in the event of total loss. We accordingly have a general provision of law in conflict with a special provision. Under the circumstances, we are instructed by Minn. St. 645.26, subd. 1:

"* * * If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail."

We think the holding of the trial court is consonant with our prior authorities to the effect that where two statutes contain general and special provisions which seemingly are in conflict, the general provision will be taken to affect only such situations within its general language as are not within the language of

the special provision. Nathan v. St. Paul Mutual Insurance Co. *supra;* State ex rel. Interstate Air-Parts, Inc. v. M. A. C. 223 Minn. 175, 25 N. W. 2d 718 (1947); Judd v. Landin, 211 Minn. 465, 1 N. W. 2d 861 (1942); State Sav. Bank v. Shible Mutual Fire Ins. Co. 172 Minn. 122, 214 N. W. 926 (1927) ; 17B Dunnell, Dig. (3 ed.) § 8970.

The basis for plaintiff's claim that defendant Graue is liable for negligence in his settlement with the insurance company is not clear. The trial court found:

"That in settlement of the claim of loss as a result of the said destruction of the said dwelling house the defendant Arnold Graue accepted the sum of $100.00 from the defendant Foster Farmers Mutual Fire Insurance Company, and that the said defendant Arnold Graue credited plaintiff with having made a payment of $100.00 on the balance of the purchase price due under said contract for deed.

"That the defendant Arnold Graue was not negligent in accepting said settlement from the said defendant Foster Farmers Mutual Fire Insurance Company.

"That the defendant Arnold Graue did not breach the contract which he had with the plaintiff."

The amount of the settlement was greater than the value established by the jury's special verdict and was credited to the purchase price in accordance with the provisions of the contract. We are of the view that the record supports the findings of the trial court.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.