ROBERT MORGAN v. TARA MUTUAL FIRE
INSURANCE COMPANY.

196 N. W. 2d 630.

April 7, 1972—No. 43160.

*Davison & Braseth* and *Keith C. Davison,* for appellant.
*Richard S. Roberts* and *I. L. Swanson,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

PER CURIAM.

Action to recover under a fire insurance policy issued to plaintiff by defendant, a township mutual fire insurance company incorporated

pursuant to Minn. St. c. 67A, for the insured value of a building totally destroyed by fire. The trial court granted plaintiff summary judgment for $3,000, the stated amount of the policy, and defendant appeals. Since the trial court erroneously concluded that defendant was liable for the stated amount of the policy despite the existence of factual disputes as to the value of the building at the time of the loss and as to defendant's defense of nonoccupancy, and possibly as to plaintiff's claim of defendant's waiver of the policy provision requiring arbitration of the amount of the loss—all genuine issues as to material facts—, we reverse.

The policy issued to plaintiff insured his building to the amount of $3,000. During the policy period and while the building was vacant, it was destroyed by fire. In accordance with Minn. St. 67A.16, subd. 2,[1] the policy provided that if the insured and the insurer failed to agree on the amount of loss, the issue must be submitted to arbitration as a prerequisite to suit. It also provided that defendant-insurer would not be liable for loss if the insured building was vacant or unoccupied for 60 consecutive days prior to the occurrence of the loss.

In its answer to plaintiff's action, defendant admitted issuance of the policy but denied liability "under the terms of said policy" and alleged failure of the parties to agree on the amount of the loss and nonreference to arbitration. Following a separate demand for reference and arbitration, defendant moved for dismissal of plaintiff's action for failure to arbitrate the loss. This motion was denied. Plaintiff then moved for summary judgment. Upon the pleadings and affidavit by defendant setting forth defendant's unsuccessful efforts to settle plaintiff's claim for $1,000, and a pretrial order admitting the policy into evidence and including stipulations by the parties that the building was a total loss and that "the agent for the Defendant knew the building to be vacant in advance of the loss," the court granted plaintiff's motion for summary judgment.

Even though the court made no explanation of the basis for its order, it is clear from the record, particularly from the court's award of the full $3,000 in disregard of the dispute as to the amount of loss and of defendant's demand for arbitration, that the court erroneously based its decision to grant summary judgment on the theory that the policy

---

[1] Minn. St. 67A.16, subd. 2, provides in part: "In case of failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of the loss shall be referred to three disinterested men * * *."

was a "valued policy" controlled by § 65A.08.[2] We have recently held that township mutuals are exempt from the provisions of § 65A.08. Ehlert v. Graue, 292 Minn. 393, 195 N. W. 2d 823 (1972). Since plaintiff conceded at oral argument that the terms of the insurance contract itself could not be interpreted as a "valued policy," defendant therefore is liable only for the actual loss of the building. The amount thereof being in dispute, clearly an issue of material fact exists and summary judgment was improperly granted. Rule 56.03, Rules of Civil Procedure. See, 2 Hetland & Adamson, Minnesota Practice, pp. 570 to 575.

It may also be noted that the questions of whether the building was vacant or unoccupied for 60 consecutive days prior to the fire and whether this defense was waived can hardly be regarded as resolved by the bare stipulation that an agent of defendant knew of the vacancy. Also, with respect to the issue of arbitration, in our opinion plaintiff's argument that a denial of any liability on a "valued policy" leaves nothing to arbitrate has no longer any basis in fact or law. Ehlert v. Graue, *supra.*

Since there is at least one and perhaps other genuine issues as to material facts, summary judgment was unauthorized.

Reversed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] Section 65A.08, in substance, requires an insurance company to fix the value of the building and, in case of total loss, to pay the whole amount mentioned in the policy without regard to the actual loss.