Michael CISAR, et al., Appellants,

v.

Lisa J. SLYTER, et al., Respondents,

Spring Vale Mutual Insurance Company, et al., Respondents.

No. A11–303.

Court of Appeals of Minnesota.

Jan. 17, 2012.

Review Granted March 28, 2012.

Review Dismissed April 17, 2012.

David L. Weidt, Law Offices of David L. Weidt, Minneapolis, MN, for appellants.

William C. Weeding, Bresnahan Law Office, Minneapolis, MN, for respondents Slyter, et al.

Paul J. Wocken, Willenbring, Dahl, Wocken & Zimmermann, PLLC, Cold Spring, MN, for respondents Spring Vale Mutual Insurance Company, et al.

Considered and decided by BJORKMAN, Presiding Judge; SCHELLHAS, Judge; and CRIPPEN, Judge.

**OPINION**

CRIPPEN, Judge.*

This is an appeal from a summary judgment that dismissed appellants' benefits

claim as untimely. The district court ruled that because respondent Spring Vale Mutual Insurance Company is a township mutual fire insurance company, appellants' insurance policy—issued by Spring Vale and specifying a one-year statute of limitations—is statutorily exempt from Minnesota insurance laws that require a two-year statute of limitations. Because we conclude that the portion of appellants' insurance policy providing coverage for their dwelling constitutes homeowner's insurance, which is subject to a two-year statute of limitations, we reverse in part and remand.

## FACTS

Respondents Spring Vale Mutual Insurance Company and North Star Mutual Insurance Company (collectively, respondent insurers) issued an insurance policy to appellants Michael Cisar and Sharron Betsinger covering their farm property between September 2007 and September 2008. This insurance policy included $557,300 in coverage for appellants' dwelling. On April 23, 2008, appellants' dwelling was destroyed by fire. A dispute arose regarding how to value the property for purposes of recovery under the insurance policy. An appraisal determined the actual cash value of the loss as $445,655, and appellants received a payment of that amount from respondent insurers.

On April 23, 2010, at the end of the second year following the loss, appellants commenced this action, claiming breach of contract against respondent insurers and related claims against respondents Lisa J. Slyter and Town & Country Insurance

Agency, Inc., the insurance agent and agency that sold appellants the insurance policy (collectively, respondent agents). Appellants sought to recover the difference between the full policy limit of $557,300 and the $445,655 that they received from respondent insurers after the appraisal.

Appellants contended that Minnesota insurance laws providing a two-year statute of limitations permit them to bring an action to seek recovery of the balance of their $557,300 policy limit. Respondent insurers moved for summary judgment, arguing that appellants failed to bring their action within one year after the date of the loss as required by the insurance policy. Respondent agents also moved for summary judgment on other grounds.

Because the district court agreed with respondents' arguments, including respondent agents, the court did not reach the merits of appellants' claims. The court concluded that Spring Vale is a township mutual fire insurance company (township mutual company) and is exempt from other Minnesota insurance laws pursuant to Minn.Stat. § 67A.25, subd. 2 (2010). This appeal followed the court's entry of summary judgment dismissing appellants' claims.

## ISSUE

Did the district court err by concluding that respondent insurers were exempt from Minnesota statutes that prescribe a two-year statute of limitations?

## ANALYSIS

When reviewing a summary judgment, we are to determine whether there are any genuine issues of material fact and wheth-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

er the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). When, as here, "the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion that we review de novo." *Weston v. McWilliams & Assocs., Inc.,* 716 N.W.2d 634, 638 (Minn.2006). And we review de novo a district court's construction and application of statutes and insurance contracts to undisputed facts. *Jenoff, Inc. v. New Hampshire Ins. Co.,* 558 N.W.2d 260, 262 (Minn.1997); *Marchio v. W. Nat'l Mut. Ins. Co.,* 747 N.W.2d 376, 379–80 (Minn.App.2008).

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quotations and citation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. Saint Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.* When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning, without resorting to other principles of statutory construction. *State v. Anderson,* 683 N.W.2d 818, 821 (Minn. 2004); *see also* Minn.Stat. § 645.08(1) (2010) (providing that words are construed according to their common usage).

The parties do not dispute that the insurance policy contains a one-year limitation period and that appellants did not commence this action until more than one year after the date of the property loss. But appellants contend that the dwelling coverage in their insurance policy constitutes homeowner's insurance and that homeowner's insurance issued by a township mutual company is subject to statutes requiring a two-year limitations period.

A township mutual company is permitted by statute to fully insure only "qualified property," including "dwellings, household goods, appurtenant structures, farm buildings, farm personal property, churches, church personal property, county fair buildings, community and township meeting halls and their usual contents." Minn.Stat. § 67A.14, subd. 1(a) (2010). As the district court observed, general Minnesota insurance laws do not apply to township mutual companies unless a law expressly provides that it applies to such companies.[1] Minn.Stat. § 67A.25, subd. 2; *Ehlert v. Graue,* 292 Minn. 393, 397, 195 N.W.2d 823, 826 (1972).

A township mutual company may issue an insurance policy for qualified and secondary property in combination with an insurance policy provided by a different authorized insurer. Minn.Stat. § 67A.191, subd. 1 (2010). Despite this combination of insurers, the portions of the policy issued by the township mutual company "are excluded from all provisions of the insurance laws of this state as provided in section 67A.25, subdivision 2." *Id.* But section 67A.191 specifically addresses homeowner's insurance in subdivision 2:

A township mutual fire insurance company may issue policies known as "homeowner's insurance" as defined in

---

1. A township mutual company is also subject to 1909 Minn. Laws ch. 411, at 490–500, as amended, which is not relevant here. Minn. Stat. § 67A.25 (2010).

section 65A.27, subdivision 4, only in combination with a policy issued by an insurer authorized to sell property and casualty insurance in this state. All portions of the combination policy providing homeowner's insurance, including those issued by a township mutual insurance company, are subject to the provisions of chapter 65A and sections 72A.20 and 72A.201.

Minn.Stat. § 67A.191, subd. 2 (2010).

Respondents acknowledge that, under these provisions governing township mutual companies, the plain language of Minn. Stat. § 67A.191, subd. 2, provides a "homeowners insurance" exception to the general rule that the township mutual company's policy is exempt from Minnesota insurance laws.[2] *See Ehlert*, 292 Minn. at 397–98, 195 N.W.2d at 826 ("[W]here two statutes contain general and special provisions which seemingly are in conflict, the general provision will be taken to affect only such situations within its general language as are not within the language of the special provision.").

Respondent insurers contended at oral argument that the statutory exception for homeowner's insurance policies was added later and was intended to address only homes purchased by farmers off their farm property. But respondents have not furnished any authority establishing this limited purpose for section 67A.191, and that purpose is not reflected in the plain language of section 67A.191. We are governed by the plain language of the statute, which provides for independent treatment of policies broadly defined as homeowner's insurance policies. *See Anderson*, 683 N.W.2d

at 821 (when legislature's intent is clearly discernible from statute's plain and unambiguous language, we interpret the language according to its plain meaning); *see also* Minn.Stat. § 645.08(1) (providing that words are construed according to their common usage). Thus, under Minn.Stat. § 67A.191, subd. 2, the portions of a combination insurance policy that are issued by a township mutual company to provide "homeowner's insurance" are subject to certain Minnesota insurance laws.

Appellants contend that the dwelling coverage portion of their insurance policy constitutes "homeowner's insurance" for the purpose of Minn.Stat. § 67A.191. The district court did not expressly address this question. Minn.Stat. § 67A.191, subd. 2, incorporates the definition of "homeowner's insurance" found in Minn.Stat. § 65A.27, subd. 4 (2010). Under that section, "homeowner's insurance" is broadly defined as insurance coverage "normally written by the insurer as a standard homeowner's package policy or as a standard residential renter's package policy. This definition includes, but is not limited to, policies that are generally described as homeowner's policies, mobile/manufactured homeowner's policies, *dwelling owner policies*, condominium owner policies, and tenant policies." Minn.Stat. § 65A.27, subd. 4 (emphasis added).

Appellants' insurance policy is labeled neither as a "homeowner's insurance" or as a "dwelling owner policy"; rather, it is labeled a "combination package policy." But the statutory definition of "homeowner's insurance" is broad and includes, but is not limited to, insurance policies

---

**2.** This conclusion is consistent with the statutory language of an earlier version of section 67A.191, subdivision 1, which stated that *"[e]xcept as provided in subdivision 2,* the portions of the combination policy issued by a township mutual insurance company are excluded from all provisions of the insurance

laws of this state." Minn.Stat. § 67A.191, subd. 1 (1996) (emphasis added); *see also* Minn.Stat. § 645.16(5) (2010) (providing that legislative intent may be ascertained from, among other things, former or similar laws); *Culver v. Culver*, 771 N.W.2d 547, 550 (Minn. App.2009) (same).

"generally described as homeowner's policies ... [and] dwelling owner policies." *Id.* This definition diminishes the possibility of a narrow reading. In addition to covering their farm and personal property, appellants' insurance policy includes coverage for their dwelling, and the policy references appellants' "dwelling" on the declarations page. Also, the subheading "Dwelling Coverage" appears first under the portion of the policy titled "Principal Property Coverages."

Respondent insurers contend that appellants' insurance policy is a "farm combination package policy" and is distinct from "homeowner's insurance," and the district court referred to appellants' insurance policy as a "farm policy" in its findings. Consistent with this argument, the policy includes coverage of appellants' entire farm premises and states a single premium. Despite its appearance as a standard township mutual farm combination package policy, under the plain language of Minn.Stat. § 67A.191 and the broad definition of "homeowner's insurance" in Minn.Stat. § 65A.27, the "dwelling coverage" portion of appellants' insurance policy constitutes homeowner's insurance as a matter of law and is subject to "chapter 65A and sections 72A.20 and 72A.201." [3]

Under the first section of chapter 65A, which describes the Minnesota Standard Fire Insurance Policy and, as described above, applies to homeowner's coverage in a township mutual policy, "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss." Minn. Stat. § 65A.01, subd. 3 (2010). In addition, appellants' insurance policy provides that "[a]ny provisions of this policy and any endorsements attached to it which are in conflict with applicable state law, are amended to comply with the law." Accordingly, the two-year statute of limitations provided under Minn.Stat. § 65A.01, subd. 3, is applicable to the "dwelling coverage" portion of appellants' insurance policy, notwithstanding a contrary limitation provision in the insurance policy, and the district court erred by dismissing appellants' breach-of-contract claim against respondent insurers as untimely.

Appellants also challenge the district court's dismissal of their negligent-misrepresentation claim against respondent agents, and respondent agents argue in support of the district court's decision in a notice of related appeal. The district court did not explain its basis for granting respondent agents' summary judgment motion and dismissing the negligent-misrepresentation claim. But, because appellants provide no legal basis and cite no legal authority supporting their argument, we do not address this issue. *See Balder v. Haley,* 399 N.W.2d 77, 80 (Minn.1987) (stating that "assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief ... will not be considered on appeal unless prejudicial error is obvious on mere

---

**3.** We also observe that the record contains the affidavit of a licensed insurance adjuster who concluded, based on his industry experience, concluded that the dwelling coverage in appellants' insurance policy constitutes "homeowner's insurance," as defined in section 65A.27. Respondent insurers have not disputed this expert's opinion; indeed, at oral argument, respondent insurers contended that the difference between a homeowner's policy and the dwelling coverage in appellants' insurance policy is the *location* of the dwelling—either on or off farm premises—and they made no effort to otherwise distinguish the two policy types. Moreover, the district court did not expressly discredit appellants' expert evidence, and the record on a summary judgment motion must be viewed in the light most favorable to the nonmoving party. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

inspection" (quotation omitted)). Because appellants have forfeited this issue on appeal, we do not address respondent agents' notice of related appeal.[4]

## DECISION

Under the statutes governing township mutual fire insurance companies, the portion of a combination insurance policy issued by a township mutual fire insurance company that constitutes homeowner's insurance is subject to the Minnesota insurance laws found in Minn.Stat. §§ 65A.01–.50, 72A.20–.201 (2010). "Homeowner's insurance" is defined broadly under Minnesota insurance law and includes, but is not limited to, policies known or generally described as homeowner's policies or dwelling-owner policies. The "dwelling coverage" portion of appellants' farm combination package policy constitutes homeowner's insurance and is subject a two-year statute of limitations under Minn. Stat. § 65A.01.

Accordingly, the district court erred by dismissing appellants' breach-of-contract claim against respondents Spring Vale Mutual Insurance Company and North Star Mutual Insurance Company as untimely. We reverse that aspect of the district court's decision and remand for further proceedings. Appellants have forfeited their challenge to the dismissal of their negligent-misrepresentation claim against respondents Lisa J. Slyter and Town & Country Insurance Agency, Inc.

**Reversed in part and remanded.**

---

4. In addition, respondent North Star argues that we should affirm the district court's dismissal of appellants' breach-of-contract claim against North Star because Spring Vale issued the fire coverage portion of appellants' insurance policy. But because respondents provide no legal basis or citations to legal authority supporting this argument, we do not address this issue. *See Balder,* 399 N.W.2d at 80 (assertions not supported by argument or legal authority are not considered on appeal).